Kenneth Andrew HAYS, Appellant,

v.

DEPARTMENT OF PUBLIC SAFETY
et al., Appellees.

No. 3290.

Court of Civil Appeals of Texas.

Eastland.

April 5, 1957.

Rehearing Denied April 26, 1957.

Clay Coggins, Roby, for appellant.

Bill Allen, Asst. Atty. Gen., for appellees.

COLLINGS, Justice.

Kenneth Andrew Hays brought this suit against the Texas Department of Public Safety and its director, Homer Garrison, Jr., seeking to cancel and set aside an order suspending plaintiff Hays' operators license for a period of six months. Based upon a jury finding that Hays had operated a motor vehicle in Shackelford County while his operators license was suspended, judgment was rendered in the County Court of Stonewall in favor of the Texas Department of Public Safety and that plaintiff take nothing. Kenneth Andrew Hays has appealed.

The following facts constitute the background of this case. It is undisputed that appellant, Kenneth Andrew Hays was convicted in the County Court of Haskell County, Texas, of the offense of driving a motor vehicle upon a public highway while intoxicated. Hays appealed to the Court of Criminal Appeals which affirmed the case on November 30, 1955. Hays v. State of Texas, Tex.Cr.App., 284 S.W.2d 366. On December 16, 1955, the Court of Criminal Appeals issued its mandate in said cause which was on December 19, 1955, received and filed in the County Court of Haskell County.

Thereafter, Homer Garrison, Jr., Director of Public Safety, filed a proceeding before the Justice of the Peace of Precinct No. 1 of Stonewall County under article 6687b, Sec. 22(b), subdivision 1, seeking authority to suspend appellant Hays' operators license. The Director of Public Safety alleged as grounds therefor that Hays' license was automatically suspended by provision of law when his conviction in the County Court of Haskell County for driving a motor vehicle while intoxicated became final by being affirmed in the Court of Criminal Appeals and that while Hays' license was under suspension, he operated a motor vehicle upon a public street within the corporate limits of the City of Albany, Shackelford County, Texas. Upon

a hearing of the matter on May 30, 1956, an affirmative finding was made by the Justice of the Peace authorizing the suspension of Hays' license and privilege to operate any motor vehicle in the State of Texas for a period of one year.

Pursuant to the decree entered in the Justice Court of Stonewall County, the Texas Department of Public Safety on June 28, 1956, ordered that appellant Hays' privilege to operate a motor vehicle upon the highway of this State and any and all licenses issued to him evidencing such privilege be suspended for a period of six months from June 28, 1956, and demanded the surrender of Hays' license. The instant suit was brought by appellant Hays in the County Court of Stonewall County to set aside and hold for nought the order of the Department of Public Safety.

■ In appellant's first and second points it is contended that the judgment should be reversed and rendered because the verdict is contrary to the evidence and that the court erred in overruling appellant's motion for judgment Non Obstante Veredicto.

■ There is no question of the sufficiency of the evidence to support the jury finding that Kenneth Andrew Hays operated a motor vehicle on a public highway in Shackelford County on January 7, 1956. The record and briefs of the parties indicate that this fact is undisputed. Actually, there is no dispute concerning any fact material to the determination of this appeal. The controversy involves the legal question of whether Hays' operators license was, under the disputed facts, in a state of suspension on January 7, 1956. In appellant's brief the legal question is aptly stated as follows:

"When is an operator's license suspended? Is it at the time beginning with the actual physical surrender of the license or is (it) at the time when

a judgment of conviction carrying automatic suspension becomes final?"

It is appellant's contention that no part of the Haskell County Court Judgment convicting him of the offense of driving a motor vehicle while intoxicated became operative until appellant surrendered or was taken into custody on January 9, 1956, and that his operators license was, therefore, not in a state of suspension on January 7, 1956, when he operated a motor vehicle in Shackelford County. We cannot agree with this contention.

Article 6687b, Section 24(a), Subdivision 2 provides:

"Sec. 24. Automatic suspension of license. (a) The license of any person shall be automatically suspended upon final conviction of any of the following offenses: * * * 2. Driving a motor vehicle while under the influence of intoxicating liquor * * *."

This statute has been interpreted to mean exactly what it says, that is, that upon the final conviction of any person of the offense of driving a motor vehicle while intoxicated his license is automatically suspended. It is not necessary for the suspension to be provided for in the judgment. Gilbert v. State, Tex.Cr.App., 212 S.W.2d 182; Tatum v. Texas Department of Public Safety, Tex.Civ.App., 241 S.W.2d 167 (Writ Ref.). The suspension is not conditioned upon the surrender of license as directed by Section 25 of the statute, nor upon the date a defendant begins serving the jail sentence provided by the judgment. The automatic suspension begins when the judgment of the conviction becomes final. The question is when the judgment became final.

It is held in civil cases that a judgment becomes final when the Supreme Court refuses a petition for writ of error, or at least when the time for filing a motion for rehearing thereon has expired. Continental Gin Co. v. Thorndale Mercantile Co., Tex. Com.App., 254 S.W. 939; Rittenberry v. Capitol Hotel Co., Tex.Civ.App., 69 S.W.2d 491 (Writ Ref.).

Article 851 of the Texas Code of Criminal Procedure provides:

"In misdemeanor cases where the judgment has been affirmed, no proceedings need be had after filing the mandate, except to forfeit the recognizance of the defendant, or to issue a capais for the defendant, or an execution against his property, to enforce the judgment of the court, as if no appeal had been taken. O.C. 749."

Appellant prosecuted his appeal from the Haskell County Court judgment convicting him of the offense of driving a motor vehicle upon a public highway while intoxicated. The case was affirmed in the Court of Criminal Appeals on November 30, 1955. There is no showing that Hays filed a motion for rehearing before the Court of Criminal Appeals. Article 1807, V.T.C.S. provides that when a case on appeal before the Court of Criminal Appeals has been determined that the mandate of that court shall be directed to the court to which jurisdiction may be given over the case. The mandate does not issue until the case is finally determined in the appellate court. The mandate of that court was issued on December 16, 1955, which shows that the judgment was final at or prior to that time. The mandate was received and filed in the County Court of Haskell County on December 19, 1955. For the purposes here involved the judgment in question became final when it was affirmed by the Court of Criminal Appeals and the time for filing a motion for rehearing had expired. 49 C.J.S. Judgments § 11, p. 39. This was long before January 7, 1956, when under the undisputed evidence appellant operated a motor vehicle in Shackelford County. As a matter of law appellant's license was at that time in a state of suspension. His first and second points are overruled.

Appellant's point number three complains of the action of the trial court in overruling his motion for a continuance of the hearing on his motion for a new trial. His motion for new trial alleged as ground therefor that the jury verdict was contrary to the evidence in that the evidence was undisputed that his license was in full force on January 7, 1956, and that there was no evidence that appellant violated any traffic law. In his motion for continuance appellant prayed that the hearing be postponed in order that he could amend his motion for new trial after receipt of memorandum objections from the court reporter and after he had time to investigate possible jury misconduct, which he alleged he had reason to believe had occurred. The hearing on the motion for new trial was on September 21, 1956, or eight days after the trial and four days after the entry of the judgment on September 17, 1956. No amended motion for new trial was ever filed. The record shows as pointed out in appellant's motion for continuance that the term of court continued to and ended on October 14, 1956, or about twenty-three days after the date of the hearing of his motion for new trial. As a general rule the granting or refusing of a continuance is within the sound discretion of the trial court. Butcher v. Tinkle, Tex.Civ.App., 183 S.W.2d 227 (Error Ref.).

In any event, as heretofore indicated, there was no disputed fact issue in the case. The issue in controversy in the trial court was one of law. That issue is properly before this court for review unhampered in any way by the overruling of appellant's motion for continuance. In this state of the record no injury could have resulted to appellant by the overruling of his motion for continuance, nor could injury have resulted to him by reason of any jury misconduct if such he had been able to show. Appellant's point number three is overruled.

We have examined all points presented and find no reversible error. The judgment of the trial court is affirmed.