

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

February 18, 1959

Mr. Joseph C. Ternus
County Attorney
San Patricio County
Sinton, Texas

Opinion No. WW 553

Re: Date a conviction becomes
final under Article 6687b,
Section 24, V.C.S., relating
to automatic suspension of
driver's license.

Dear Mr. Ternus:

You have requested from this office an opinion to determine at what time a conviction becomes final under Article 6687b, Section 24, V.C.S. The pertinent part of that Article provides:

"Sec. 24. Automatic suspension of license.

"(a) The license of any person shall be automatically suspended upon final conviction of any of the following offenses.

"1. Negligent homicide resulting from the operation of a motor vehicle;

"2. Driving a motor vehicle while under the influence of intoxicating liquor or narcotic drugs;

"3. Any offense punishable as a felony under the motor vehicle laws of this State;

"4. A conviction of a driver of a motor vehicle involved in an accident or collision, upon a charge of failure to stop, render aid, and disclose his identity at the scene of said accident or collision;

"5. A conviction upon a charge of aggravated assault upon the person by means of motor vehicle, as provided by law.

"(b) The suspension above provided shall in the first instance be for a period of six (6) months. In event any license shall be suspended

under the provision of this Section for a
second time, said second suspension shall be
for a period of one (1) year."

The question you presented is similar to the situation posed
in Hayes vs. Department of Public Safety, 301 S.W.2d 276 (Tex.Civ.App.
1957, writ dismissed). In that opinion the Court discussed the following
legal questions:

(1) When is an operator's license suspended under the Article
now under question?

(2) Is it at the time beginning with the actual physical
surrender or is (it) at the time when a judgment of conviction carrying
automatic suspension becomes final?

The Court in that opinion said that the statute had been in-
terpreted to mean exactly what it says, that is, upon the final conviction
of any person of the offense of driving a motor vehicle while intoxicated
his license is automatically suspended. The Court further said that the
suspension is not conditioned upon the surrender of license as directed by
Section 25 of the statute nor upon the date Defendant began serving a jail
sentence as provided by judgment, and that the automatic suspension begins
when the judgment of conviction becomes final. The Court, in discussing
the reasoning stated in Powell vs State, 124 Tex.Crim.R. 513, 63 S.W. 2d
713 (1933), where, in that opinion, the Court held:

"When an appeal is taken, the sentence begins
from the date of the mandate of the appellate
court whether the judgment was affirmed or
whether the appeal was dismissed at the re-
quest of the appellant. See also Ex Parte
Carey (Tex.Crim.App.) 64 S.W. 241."

Therefore, the Court, in the Hayes case, held that for the
purposes involved in their situation, the judgment in question became final
when it was affirmed by the Court of Criminal Appeals and the time for
filing a motion for rehearing had expired.

Therefore, it is the opinion of this office that Hayes vs De-
partment of Public Safety, 301 S.W. 2d 276 (Tex.Civ.App., 1957, writ
dismissed), answers the question you presented and that the date of final
conviction is the date which the judgment becomes final in the trial court
and no appeal can be taken or in the event the case is appealed, the date
the Court of Criminal Appeals issues its mandate.

SUMMARY

A conviction becomes final under Article 6687b, Section 24, Vernon's Civil Statutes after time has elapsed from which no appeal can be made from the trial court, or in the event the case has been appealed, the date the Court of Criminal Appeals issues its mandate.

Respectfully submitted,

WILL WILSON
Attorney General of Texas

By Linward Shivers
Linward Shivers
Assistant

LS:aw

APPROVED:

OPINION COMMITTEE:

Geo. P. Blackburn, Chairman

Riley Eugene Fletcher
Marvin H. Brown, Jr.
Leonard Passmore
Gordon C. Cass

REVIEWED FOR THE ATTORNEY GENERAL
BY
W. V. Geppert