Raymond August ZACHARY, Sr., Appellant,

v.

**DEPARTMENT OF PUBLIC SAFETY**
of the State of Texas, Appellee.

No. 7133.

Court of Civil Appeals of Texas.

Amarillo.

Nov. 13, 1961.

Rehearing Denied Dec. 18, 1961.

Thompson, Knight, Wright & Simmons, Dallas, for appellant.

Henry Wade, Dist. Atty., John J. Orvis, Asst. Dist. Atty., Dallas, for appellee.

NORTHCUTT, Justice.

This is an appeal from an administrative order of suspension of the driving privi-

leges of the appellant pursuant to the legislative provisions of Art. 6687b, Section 22, Vernon's Ann.Tex.Civ.St. which administrative order was appealed to the County Court at Law No. 2, Dallas County, Texas where summary judgment was entered upholding the said administrative order of suspension of appellant's driving privileges. This is not an appeal from a judgment of conviction for violation of some traffic law, but it is an appeal from an order authorizing canceling appellant's driving privileges based upon the conviction of appellant in four cases of traffic violations. On December 19, 1960, an order was entered by the judge of the Corporation Court, Dallas, Dallas County, Texas authorizing the Texas Department of Public Safety to suspend this appellant's operators license No. 1895293 and driving privileges, and this was done. The appellant appealed from the order of the Corporation Court to the County Court at Law No. 2, Dallas County, Texas and the appellee answered the appeal and filed motion for summary judgment with four notices of conviction, each certified by the clerk of the court showing that appellant had been convicted in the Corporation Court of Dallas. The motion for summary judgment was granted and judgment was entered in the County Court at Law No. 2, Dallas County, Texas sustaining the suspension of appellant's driving privileges as issued by appellee. From that judgment appellant perfected this appeal to the Court of Civil Appeals for the 5th Supreme Judicial District of Texas at Dallas, Texas and was transferred to this court by order of the Supreme Court of Texas.

Appellant presented this appeal upon three points of error as follows:

"First Point of Error

"The Trial Court erred in entering a summary judgment against Appellant because there is a genuine issue of fact whether he is incapable of safely operating a motor vehicle.

"Second Point of Error

"The Trial Court erred in entering a summary judgment against Appellant because there is a genuine issue of fact whether he is an habitual violator of the traffic law.

"Third Point of Error

"The Trial Court erred in entering a summary judgment against Appellant because there is a genuine issue of fact whether he was convicted of four traffic violations within a consecutive period of twelve months preceding the order of suspension."

Under Art. 6687b, Section 22 there are nine separate grounds giving the Department of Public Safety of Texas authority to suspend the license of an operator. One of the grounds set out therein, and being the one upon which appellant's license was canceled, is as follows:

"4. Is an habitual violator of the traffic law.

"The term 'habitual violator' as used herein, shall mean any person with four or more convictions arising out of different transactions in a consecutive period of twelve (12) months, or seven (7) or more convictions arising out of different transactions within a period of twenty-four (24) months, such convictions being for moving violations of the traffic laws of the State of Texas or its political subdivisions."

Another ground set out in the same section refers to a person incapable of driving a motor vehicle. In this action it was never contended that appellant was incapable of driving a motor vehicle, but that appellant was an habitual violator of the traffic law as set out in subsection 4 above mentioned. Appellant's first point of error is overruled.

Appellant could not under this record contend that he had not committed the of-

fense for which he was convicted. By appellant's third point of error it is contended there is a genuine issue of fact whether he was convicted of four traffic violations within a consecutive period of 12 months preceding the order of suspension, and by his second point of error there was a genuine issue of fact whether he was an habitual violator of the traffic law.

Attached to appellee's motion for summary judgment are four certified copies of convictions, and attached to appellant's answers to appellee's motion for summary judgment are four copies of his checks showing he had paid the identical fines as shown by the notices of conviction. Appellant did not deny the charges but acknowledged he sent the checks to pay for the violation but did not appear in court in person. Article 782 of Texas Code of Criminal Procedure provides as follows: "The judgment in a misdemeanor case may be rendered in the absence of the defendant."

The certified notices of conviction show that appellant was convicted on April 20, 1960, and three times in September, 1960, all of these convictions happening in a period of 6 months, all in 1960, would show without dispute that appellant had four convictions arising out of different transactions in a consecutive period of 12 months.

Summary judgment is proper in a case in which a driver's license has been suspended where no material issues have been raised. Whittington v. Texas Department of Public Safety, Tex.Civ.App., 342 S.W.2d 374 (writ refused) N.R.E.; McPeak v. Texas Department of Public Safety, Tex.Civ.App., 346 S.W.2d 138.

The sole question involved herein is whether there has been a material issue raised as to whether appellant was an habitual violator of the traffic law. It is undisputed that the appellant was charged with four violations arising out of different transactions in a consecutive period of 12

months, and was convicted and paid the fines assessed in each case. We do not believe there was a material issue raised herein and therefore the court was correct in granting the summary judgment. Judgment of the trial court is affirmed.