**William Leon GADDY, Jr., Appellant,**

**v.**

**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellee.**

No. 3886.

Court of Civil Appeals of Texas.

Eastland.

May 15, 1964.

Jay S. Fichtner, Dallas, for appellant.

Henry Wade, Dist. Atty., Dallas, for appellee.

COLLINGS, Justice.

William Leon Gaddy, Jr., brought this suit in the County Court against the Texas Department of Public Safety to vacate, set aside and abate the suspension of his license to operate a motor vehicle upon a public highway. The Department of Public Safety answered and filed a cross action seeking to have the order of suspension upheld under the provisions of Article 6687b, Vernon's Ann.Tex.Civ.St., pursuant to an administrative hearing before the Justice Court Precinct 3 of Dallas County, in which it was found that Gaddy had committed a driving offense authorizing such suspension. The County Court granted the motion of the department for a summary judgment and William Leon Gaddy, Jr., has appealed.

Appellant Gaddy presents points contending that the court erred in granting appellee's motion for summary judgment because appellant contends that his pleadings and supporting affidavit in answer to appellee's motion for summary judgment raised an issue of fact as to whether appellee Department of Public Safety had waived its right and is estopped to claim or to cause a further suspension of appellant's operators license. Appellant also urges that a plea of guilty is not a conviction within the meaning of Section 22, Article 6687b, V.A.T.C.S. unless it is shown that the requirements of Article 518 C.C.P. dealing with pleas of guilty in misdemeanor cases have been met, and that it was error to suspend his license in the absence of a showing by the department that appellant, while his driving privileges were suspended was convicted of committing an offense which requires automatic suspension of driver's license upon a conviction within the meaning of Section 22 of Article 6687b, supra.

The order of suspension in question was issued on June 14, 1963. It suspended the driving privileges and Texas operator's license of appellant William Leon Gaddy, Jr., for a period of six months effective June 17, 1963. The suspension order was pursuant to an administrative hearing before the Justice Court, Precinct 3, Dallas County, Texas, on May 29, 1963. Appellant had been notified of the hearing and was present. At that hearing an affirmative finding was made that appellant had committed an offense for which automatic suspension of license is provided for upon conviction under the provision of Subdivision (b)1, Section 22, Article 6687b, V.A.T.C.S., to-wit: Driving while license was suspended. On July 9, 1963, appellant timely filed this suit in the County Court seeking to set aside the order suspending his operator's license.

In the trial of the case in the County Court the Texas Department of Public Safety sought to uphold the order of suspension contending that appellant's driving privileges were automatically suspended for a period of six months from June 11, 1962, by reason of a conviction for the offense of driving while intoxicated; that appellant while his driving privileges were suspended as aforesaid was convicted of an offense for which automatic suspension of his driver's license was required upon conviction, in that, on October 30, 1962, during the period of the suspension of his operator's license appellant was convicted of committing a no operator's license offense on October 9th, 1962, in Dallas County. Because of the original suspension of appellant's license in the driving while intoxicated case and the further fact that appellant was thereafter convicted of driving without a license, while his license was suspended, the department prayed that the order of suspension should be upheld. The allegations in appellee's motion for summary judgment were substantially the same as set out above, and in support thereof there was at-

tached as an exhibit a certificate of the entries appearing in the operating records concerning appellant on file with the Department of Public Safety and a notice of conviction from the Corporation Court of the City of Dallas, certified to by the clerk of that court. Appellant Gaddy urged in his pleadings and answer to appellee's motion for summary judgment the matters of waiver and estoppel, and in support thereof appellant attached his affidavit admitting the suspension of his driver's license on July 11, 1962, but stated that in October, 1962, the department had sent to him a request for money to pay for renewal of his operator's license; that in response to this request appellant sent to the department a money order in the sum of $3.00, and when the department notified appellant that such money order was insufficient and that an additional $2.00 was required appellant complied with such request and paid the additional amount. Appellant alleged and urged that by reason of these transactions he was led to believe that the suspension of June 11, 1962, had been lifted and that his right to operate a motor vehicle in Texas had been reinstated; that the department thereby waived the suspension of June 11, 1962, and was estopped to assert that the suspension was in effect on October 9, 1963, when appellant was charged with driving a motor vehicle without an operator's license in Dallas, Texas, and that the department was therefore estopped to order the suspension of June 17, 1963.

■■ The pleadings in the County Court at Law and the affidavits in support of and in opposition to the motion for summary judgment show the following: It is undisputed that appellant Gaddy was convicted of the offense of driving while intoxicated in June, 1962, as shown by a certified copy of appellant's driving record in the Department of Public Safety. This conviction carried an automatic suspension of appellant's operator's license for a period of six months extending until December 1962. Article 6687b, Section 24, Subdivision (a)2, V.A.T.C.S. The suspension in such a case

is effective upon conviction by operation of law. The suspension is not within the discretion of a court or jury and is operative without regard to whether the suspension is specifically provided for in the judgment. Nor, is it conditioned upon a surrender of the operator's license of an offender. Davison v. State of Texas, 166 Tex.Cr.R. 376, 313 S.W.2d 883; Tatum v. Texas Department of Public Safety, Tex. Civ.App., 241 S.W.2d 167; Hays v. Department of Public Safety, Tex.Civ.App., 301 S. W.2d 276.

■ It is undisputed that appellant operated a motor vehicle upon a public road in Dallas County on October 9, 1962, within the six months period of automatic suspension resulting from his conviction of driving while intoxicated and while he did not have a valid operator's license; that appellant was convicted in the Corporation Court of the City of Dallas of the offense of operating a motor vehicle without a valid operator's license on October 30, 1962, as shown by the notice of conviction certified to by the clerk of that court. This conviction also carried an automatic suspension of appellant's operator's license. Article 6687b, Section 4, Subdivision 2, V.A.T.C.S.

■ The undisputed facts as above set out together with the hearing in the Justice Court supported the action of the Department of Public Safety in suspending appellant's operator's license and required the summary judgment entered by the County Court at Law. Department of Public Safety v. Austin, Tex.Civ.App., 359 S.W.2d 958; Texas Department of Public Safety v. Gil, Tex.Civ.App., 292 S.W.2d 832; Zachary v. Department of Public Safety, Tex.Civ.App., 351 S.W.2d 943; McPeak v. Texas Department of Public Safety, Tex.Civ.App., 346 S.W.2d 138. Appellant's contention concerning waiver and estoppel on the part of The Department of Public Safety is not well taken and is overruled. In the case of Milam v. Texas Department of Public Safety, Tex.Civ.App., 359 S.W.2d 623, which was a suit to set aside the suspension of a

**786**

driver's license it was held that the suit was not rendered moot by the fact that the license which had been suspended expired by its own terms during the pendency of the suit and that a new license had been issued, inasmuch as the new license was nothing more than an extension of privilege granted, and the right of the department to suspend the new license was withheld by the plaintiff's action in bringing the matter for determination by the courts. Also see Article 6687b, Section 4, Subdivision 4, V.A.T.C.S.

We also overrule appellant's point contending in effect that it was error to suspend his license in the absence of a showing by the department that appellant, while his license was suspended, was convicted of committing an offense which requires automatic suspension of driver's license upon a conviction within the meaning of Section 22 of Article 6687b, supra. Appellant urges that there was no evidence or indication that the purported plea of guilty was made in open court by the accused or his counsel in compliance with Article 518, T.C.C.P. The statute authorizes the department to suspend the license of an operator upon determining after proper hearing that such operator "has committed an offense for which automatic suspension of license is made upon conviction". The undisputed facts show that commission of such an offense, and the record is undisputed that appellant was convicted of the offense. Appellant has not denied the conviction but contends only that the Department of Public Safety has not shown that his plea of guilty was made in open court either by appellant or by his attorney. Appellee did not have this burden. The presumption is that the conviction was valid, and appellant has made no showing to the contrary. There is no showing in the record that the requirements of Article 518, supra, were not complied with. No issue of fact on the question of the validity of the plea of guilty is presented. The point is overruled.

The judgment is in all things affirmed.