Alfred S. TROUTMAN, Sr., Appellant,

v.

TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellee.

No. 11512.

Court of Civil Appeals of Texas.

Austin.

June 7, 1967.

Rehearing Denied June 28, 1967.

Sneed & Vine, J. P. Darrouzet, Austin, for appellant.

Wallace Shropshire, County Atty., Dain P. Whitworth, Austin, for appellee.

PHILLIPS, Chief Justice.

Appellant was convicted of a second offense of driving while intoxicated and the sentence was probated under Art. 42.12, Vernon's Ann.Texas Code of Criminal Procedure.

Appellee made demand upon appellant for surrender of his driver's license under the provisions of Vernon's Ann.Tex.Rev.Civ. Stat. art. 6687b, consequently, appellant brought this suit in the trial court to stay appellee's order. The trial court entered a temporary stay order, however on final hearing dissolved the stay order from which ruling appellant has perfected his appeal to this Court.

The sole question to be decided here, as stated in appellant's point of error, is the propriety of the court in dissolving its stay order and reinstating appellee's order demanding surrender of appellant's driver's license. Appellant contends that he had not received a final conviction for his second offense of driving while intoxicated under the provisions of Tex.Rev.Civ.Stat.Ann. art. 6687b, Sec. 24, and that his license could be suspended only upon final conviction.

Tex.Code Crim.P.Ann. art. 42.12, Sec. 2(b) defines probation as follows:

" 'Probation' shall mean the release of a convicted defendant by a court under conditions imposed by the court for a specified period during which the imposition of sentence is suspended; * * *"

Tex.Code Crim.P.Ann. art. 42.12, Sec. 3, Adult Probation and Parole, provides as follows:

"The judges of the courts of the State of Texas having original jurisdiction of criminal actions, when it shall appear to the satisfaction of the court that the ends of justice and the best interests of the public as well as the defendant will be subserved thereby, shall have the power, after conviction or a plea of guilty for any crime or offense, where the maximum punishment assessed against the defendant does not exceed ten years imprisonment, to suspend the imposition of the sentence and may place the defendant on probation or impose a fine applicable to the offense committed and also place the defendant on probation as hereinafter provided. Any such person placed on probation, whether in a trial by jury or before the court, shall be under the supervision of such court."

Tex.Rev.Civ.Stat.Ann. art. 6687b, Sec. 25(c), provides as follows:

"For the purpose of this Act, the term 'conviction' shall mean a final conviction. Also, for the purpose of this Act, a forfeiture of bail or collateral deposited to secure a defendant's appearance in court, which forfeiture has not been vacated, shall be equivalent to a conviction.

Provided, however, that in case of conviction for any of the offenses enumerated in paragraph (a) of Section 24 of this Act, and the sentence of the Court having been suspended as provided in the Statutes, such suspended sentence shall not mitigate against the suspension of the operator's, commercial operator's, or chauffeur's license of the person convicted."

Appellant further contends that the proviso in Section 25(c) of Article 6687b is applicable only to a suspended sentence and not to a probated sentence citing Ex parte Pittman, 157 Tex.Cr.R. 301, 248 S.W.2d 159 (1952). Pittman holds, inter alia, that once the court has imposed sentence under the Suspended Sentence Law [1] it may not thereafter change and proceed under the Adult Probation and Parol Law.[2] That the requisites necessary to a suspended sentence under the suspended sentence law have no application to the Adult Probation and Parol Law.

1. Vernon's Ann.C.C.P. art. 776a.

2. Tex.Rev.Civ.Stat.Ann. art. 781b.

■ We hold that the suspending of a sentence imposed by the court authorized in the Adult Probation and Parol Law, Article 42.12, Sections 2b and 3, should be read in conjunction with the second paragraph of Section 25(c) of Article 6687b. Here we have the suspension of a driver's license solely for the protection of the public using the highways. Such action is not penal in nature. Cooley v. Texas Dept. of Public Safety, 348 S.W.2d 267 (Tex.Civ.App. Fort Worth 1961, n. w. h.).

■ When the purpose of a statute is ascertained, the significance of the words used may be restricted or enlarged in order to effectuate that purpose and to give the statute the meaning which the lawmakers manifestly intended. Texas & N. O. R. Co. v. Railroad Commission et al., 145 Tex. 541, 200 S.W.2d 626 (1947).

We affirm the judgment of the trial court.

Affirmed.