**David H. STANDIFER, Appellant,**

v.

**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellee.**

**No. 427.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Jan. 27, 1971.

Jimmy Phillips, Jr., Angleton, for appellant.

Ogden Bass, Criminal Dist. Atty. and James E. Brown, First Asst. Crim. Dist. Atty., Angleton, for appellee.

BARRON, Justice.

This is an appeal from the trial court's order dismissing the appellant's appeal from the suspension of his Texas operator's license by the Department of Public Safety. On November 6, 1969, the appellant, David H. Standifer, entered a plea of guilty to driving while intoxicated, a misdemeanor offense, and received as punishment three days in the Brazoria County jail, a $100 fine and costs of court. The appellant refused voluntarily to turn over his Texas operator's license to the county clerk. On December 2, 1969, the appellant filed his original petition in this case in county court seeking probation of the suspension of his operator's license under Art. 6687b, Sec. 22(e), Vernon's Ann.Tex.Civ.St. The Department of Public Safety, by letter dated February 9, 1970, stated that the abstract of court records indicated that the appellant was con-

victed of the offense of operating a motor vehicle upon a public highway while under the influence of intoxicating liquor and notified the appellant that his license was therefore suspended under Art. 6687b, for one year from November 6, 1969. By amended original petition filed February 17, 1970, the appellant filed an appeal to the County Court of Brazoria County from the Department of Public Safety's determination and notification. In said appeal appellant admitted that he had been convicted of driving while intoxicated, a misdemeanor offense, and requested the county court to probate the operator's license suspension under Art. 6687b, Sec. 22(e). The Department of Public Safety filed a motion to dismiss for want of jurisdiction on April 1, 1970. The trial court found that it was without jurisdiction to hear the appeal from the suspension of the appellant's Texas operator's license by the Department of Public Safety and was without authority to grant probation under Art. 6687b, Sec. 22(e). The court dismissed the case for want of jurisdiction.

On this appeal the appellant, Standifer, contends that the trial court erred in dismissing his appeal from the suspension of his operator's license for want of jurisdiction.

Article 6687b, Sec. 22, provides in part:

"(b) The authority to suspend the license of any operator, or chauffeur as authorized in this Section is granted the Department upon determining after proper hearing as hereinbefore set out that the licensee:

"1. Has committed an offense for which automatic suspension of license is made upon conviction;

\* \* \* \* \* \*

"(c) In all appeals prosecuted in any of the courts of this state pursuant to Section 22(a) or Section 31, such trials shall be de novo as that term is used and understood in appeals from Justice of the Peace Courts to County Courts. \* \* \*"

In 1969, the Legislature of Texas added subsection (e) to Section 22 of Art. 6687b. Subsection (e) provides:

"(e) The judge or officer holding a hearing under Subsection (a), (b), or (d) of this section, or the court trying an appeal under Subsection (c) of this section, on determining that the License shall be suspended or revoked, may, when it appears to the satisfaction of the court that the ends of justice and the best interests of the public as well as the defendant will be subserved thereby, recommend that the revocation or suspension be probated on terms and conditions deemed by the officer or judge to be necessary or proper. The report to the department of the results of the hearing must include the terms and conditions of such probation. When probation is recommended by the judge or officer presiding at a hearing, the department shall probate the suspension or revocation."

The appellant argues that the county court has jurisdiction to hear an appeal from the Department of Public Safety's decision under Art. 6687b, Sec. 22(b), Subsection 1, to suspend his operator's license.

Article 6687b, Sec. 24, provides in part:

"(a) The license of any person shall be automatically suspended upon final conviction of any of the following offenses:

\*   \*   \*   \*   \*   \*

"(2) Driving a motor vehicle while under the influence of intoxicating liquor or narcotic drugs;"

There is a distinction between Art. 6687b, Sec. 22(b) (1) and Art. 6687b, Sec. 24(a) (2). The former article authorizes the Department of Public Safety to suspend the license of an operator upon a factual determination at an administrative proceeding that the licensee "has committed an offense for which automatic suspension of license is made upon conviction." The authority to suspend the license is granted upon proof of the offense of driving while intoxicated. Art. 24(a) (2) is applicable when there is a final *conviction* for driving while intoxicated. It is clear that the Department of Public Safety was acting properly under Art. 24(a) (2) when it notified the appellant of the suspension of his operator's license by reason of his final *conviction* for driving while intoxicated.

Because the appellant's suspension was made under the authority of Sec. 24(a) (2), and not under the authority of Sec. 22(b) (1), the appellant cannot avail himself of an appeal under Sec. 22(c) or of probation under Sec. 22(e). The appellant cannot appeal the automatic suspension under Art. 6687b, Sec. 31 because that provision provides the right of appeal to a person being denied a license or having same cancelled or revoked by the Department of Public Safety "\* \* \* except where such cancellation or revocation is automatic under the provisions of this Act \* \* \*."

Where the statute provides for suspension of a license upon conviction of certain offenses, the statute is self-operative, and the license is automatically suspended upon a final conviction. The suspension is not within the discretion of a court or jury. Nor is it conditioned upon a surrender of the operator's license of an offender. Gaddy v. Texas Department of Public Safety, 380 S.W.2d 783 (Tex.Civ.App.1964), no writ hist.; Texas Department of Public Safety v. Preble, 398 S.W.2d 785 (Tex. Civ.App.1966), no writ hist.

Article 6687b, Sec. 22(e) was added by the 61st Texas Legislature effective June 11, 1969. Article 6687b, Sec. 22(b) and 24(a) were unchanged. If the Legislature had intended that the automatic suspension of operator's licenses fall under the new subsection (e) above, the provision could have been included. But instead, the Legislature retained Section 22(b) and 24(a) of Article 6687b, retaining the automatic suspension provisions of the statute. Moreover, the Legislature in 1969 provided

for occupational licenses for persons whose licenses had been suspended for causes other than physical or mental impairment in cases of extreme hardship. See Art. 6687b, Sec. 23A.

A court does not have the power to probate the automatic suspension of an operator's license which results after a final conviction for driving while intoxicated unless the entire judgment of conviction and sentence are timely probated. Appellant's conviction on November 6, 1969, not providing for probation, is a final conviction, and the suspension of appellant's operator's license is automatic upon final conviction. No court can later grant probation in such a case. See Art. 42.13, Sec. 4, Vernon's Ann.C.C.P.; Op.Atty.Gen. 1969, No. M–498.

We affirm the judgment of the trial court dismissing this case for want of jurisdiction.

Affirmed.