THE ATTORNEY GENERAL
OF TEXAS
AUSTIN, TEXAS 78711



CRAWFORD C. MARTIN
ATTORNEY GENERAL

January 26, 1972

Honorable Oscar B. McInnis          Opinion No. M-1057
Criminal District Attorney
Hidalgo County Courthouse           Re:  Is an operator's license
Edinburg, Texas                          subject to automatic sus-
                                         pension under Article 6687
                                         (b), Section 24 V.C.S.,
                                         when the holder of the
                                         license is convicted of
                                         D.W.I. subsequent offense,
                                         802 V.P.C., but the imposi-
                                         tion of sentence is suspended
                                         and he is placed on probation
                                         under the provisions of the
                                         adult probation act, Article
Dear Mr. McInnis:                        42.12, V.C.C.P.?

        You have requested an opinion of this office on the fol-
lowing question rephrased:

            Is the operator's license subject to auto-
        matic suspension under Article 6687(b), Section
        24, V.C.S., when the holder of the license is
        convicted of D.W.I., subsequent offense, 802
        V.P.C. but the imposition of sentence is suspend-
        ed and he is placed on probation under the pro-
        vision of the adult probation Act, Article 42.12,
        V.C.C.P.?

        Article 6687(b), Section 24, Vernon's Civil Statutes pro-

vides as follows:

            "Section 24(a)  The license of any person
        shall be automatically suspended upon final
        conviction of any of the following offenses:"

            "2  Driving a motor vehicle while under
        the influence of intoxicating liquor or narcotic
        drugs."

-5160-

Article 6687(b), Section 25(c) was amended by the 61st Legislature, September 1, 1969, eliminating that portion thereof which provided that if the courts suspended the sentence such suspended sentence would not mitigate against the suspension of operator's license so that Section 25(c) now reads as follows:

> "(c)  For the purpose of this Act, the term "conviction" shall mean a final conviction.  Also, for the purpose of this Act, a forfeiture of bail or collateral deposited to secure a defendant's appearance in Court, which forfeiture has not been vacated, shall be equivalent to a conviction."

In construing the term "final conviction" as used in Article 6687(b), Section 24 the courts have held that "final conviction" is a judgment of conviction from which a motorist has exhausted his right to appeal.  Hays v. Texas Department of Public Safety,  301 S.W.2d 276 (Tex. Civ. App. 1957); Allen v. Texas Department of Public Safety, 411 S.W.2d 644 (Tex. Civ. App. 1966).  A conviction and grant of probation under Article 42.12, is a final judgment which is appealable even though sentence is probated, Gossett v. State, 252, S.W. 2d 59, 162 Tex. Crim. App. 52 (1953); Pitts v. State, 442 S.W.2d 389, 390 (Tex. Crim. 1969).  The fact that the judgment may be subject to being set aside as provided in Section 7 of the Adult Probation Act, makes it no less a final con-

viction as any other conviction subject to appeal, habeas corpus, executive pardon or other collateral relief.

In view of the construction placed on "final conviction" by the state courts in the Hays and Allen cases and in an attempt to harmonize if possible Article 6687(b), Section 24, and Article 42.12, in such a way as to give effect to each enactment, and avoid conflicts between them 55 Tex. Jur. 2d "Statutes" Section 186, it would appear that "final conviction" as that term is used therein is a judgment of conviction from which the person convicted and probated under the terms of the Adult Probation Act has exhausted his right to appeal.

The Legislature has the right and power to enact statutes for the protection of the general public traveling the highways of Texas and to require that the privilege of maintaining an operator's license be attendent with some obligations and responsibilities. Gaytan v. Cassidy, 317 F.Supp. 46 (W. D., Tex., 1970); Gillespie v. Texas Department of Public Safety, 152 Tex. 459, 259 S.W.2d 177 (1953), Cert.Den. 347 U.S. 933. In Article 6687(b), Section 24, the automatic suspension of a driver's license is solely for the protection of the public using the highways. The action is not penal in nature. Cooley v. Texas Department of Public Safety, 348 S.W.2d 267 (Tex. Civ. App., 1961); Troutman v. Texas Depart-

ment of Public Safety, 416 S.W.2d 539 (Tex. Civ. App. 1967);

Davison v. State, 313 S.W.2d 883, (Tex. Crim., 1958).

When the purpose of a statute is ascertained the signif-
icance of the words used may be restricted or enlarged in
order to effectuate that purpose and to give the statute the
meaning which the law makers manifestly intended. Texas and
N. O. R. Company v. Railroad Commission, 145 Tex. 541, 200
S.W.2d 626 (1947). Considering the primary object of Article
6687(b), Section 24, and the consequence of a contrary con-
struction, it is reasonable to conclude that the Legislature
intends that a person twice convicted of the offense of
driving while intoxicated, even though probated, is subject
to the automatic suspension of his operator's license. Art.
6687(b). Sec. 24.

The mere omission by the Legislature of the language of
Section 25(c), paragraph 2, can by no rule of statutory
construction be construed to mean that the Legislature intended
that the conviction and probation under Article 42.12 not re-
quire an automatic suspension of the operator's license where
an express legislative provision mandates the suspension.

Accordingly, a person convicted of D.W.I. second offense
where the sentence is probated under the terms of the Adult
Probation Act, Article 42.12, V.C.C.P., is subject to having
his operator's license automatically suspended.

## SUMMARY

A person convicted of D.W.I. subsequent offense where the sentence is probated under the terms of the Adult Probation Act, Article 42.12, V.C.C.P., is subject to having his operator's license automatically suspended. Art. 6687(b), Sec. 24, V.C.S.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Guy C. Fisher
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Lonny Zwiener
Jack Sparks
Bill Flanary
Bob Lattimore

SAM McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant