

# The Attorney General of Texas

January 29, 1980

MARK WHITE
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Michael D. Meredith
Moore County Attorney
P. O. Box 634
Dumas, Texas 79029

Opinion No. MW-133

Re: Effect of amendments to misdemeanor probation law on suspension of driver's licenses in DWI cases.

Dear Mr. Meredith:

You request our opinion on the effect of the new "Misdemeanor Adult Probation and Supervision Law," Code of Criminal Procedure article 42.13 as enacted by Senate Bill 844, Acts 1979, 66th Leg., ch. 654, at 1514, on the provisions concerning the suspension of a person's driver's license in Driving While Intoxicated cases. Section 24(a) of article 6687b, V.T.C.S., provides in relevant part:

> (a) The license of any person shall be automatically suspended upon final conviction of any of the following offenses:
>
> . . .
>
> 2.    Driving a motor vehicle while under the influence of intoxicating liquor or narcotic drugs.

Your question is whether a defendant in a case charging a violation of article 6701l-1, V.T.C.S. (misdemeanor DWI), who is placed on probation under the provisions of the new article 42.13 of the Code of Criminal Procedure has had a "final conviction" within the meaning of the quoted provision.

Your concern arises from the legislature's repeal of section 4(a) former Code of Criminal Procedure article 42.13 which provided:

> Sec. 4. (a) When a defendant is granted probation under the terms of this Act, the finding of guilt does not become final, nor may the court render judgment thereon, except as provided in Section 6 of this Article [revocation of probation].

(b) The court shall record the fact and date that probation was granted on the docket sheet or in the minutes of the court. The court shall also note the period and terms of the probation, and the details of the judgment. The court's records may not reflect a final conviction, however, unless probation is later revoked in accordance with Section 6 of this Article.

This section which was repealed, provided the basis on which numerous judicial decisions and opinions of this office distinguished misdemeanor probation from felony probation. See, e.g., Savant v. State, 535 S.W.2d 190 (Tex. Crim. App. 1976); McIntosh v. State, 534 S.W.2d 143 (Tex. Crim. App. 1976); Coby v. State, 518 S.W.2d 829 (Tex. Crim. App. 1975); Ex parte Smith, 493 S.W.2d 958 (Tex. Crim. App. 1973); Standifer v. Texas Department of Public Safety, 463 S.W.2d 38, 41 (Tex. Civ. App. — Houston [14th Dist.] 1971, no writ); Attorney General Opinions H-1128 (1978); M-673 (1970); M-498 (1969); C-685, C-626 (1966); C-515 (1965).

While section 4 of former article 42.13 expressly provided that there is no judgment or final conviction when a person received misdemeanor probation, the new article 42.13 repeatedly refers to misdemeanor probation in terms of a "conviction" except in section 3d, which provides for deferred adjudication of guilt. See sections 2(2), 3, 3a, 3c, 3e, 5, 6c, 7, and 8(a) and (b).

Section 3 of new article 42.13 provides that the judges of the courts of this state having original jurisdiction of criminal actions:

> ... shall have the power, after conviction or a plea of guilty or nolo contendere for any crime or offense, where the punishment assessed against the defendant is by confinement in jail or by fine or by both such fine or imprisonment, to suspend the imposition of the sentence and may place the defendant on probation . . . .

Section 3a provides that a jury may recommend probation "when there is a conviction."

In Attorney General Opinion M-1057 (1972), the question was posed as to whether an operator's license was subject to automatic suspension when the person was convicted of felony DWI, but imposition of sentence is suspended and he is placed on probation under the provisions of article 42.12 of the Code of Criminal Procedure. That opinion said:

> In construing the term 'final conviction' as used in Article 6687(b), Section 24 the courts have held that 'final conviction' is a judgment of conviction from which a motorist has exhausted his right to appeal. Hays v. Texas Department of Public Safety, 301 S.W.2d 276 (Tex. Civ. App. 1957); Allen v. Texas Department of Public Safety, 411 S.W.2d 644 (Tex. Civ. App. 1966). A conviction and grant of probation under Article 42.12, is a final judgment which is appealable even though sentence is probated, Gossett v.

State, 252 S.W.2d 59, 162 Tex. Crim. App. 52 (1953); Pitts v. State, 442 S.W.2d 389, 390 (Tex. Crim. 1969). The fact that the judgment may be subject to being set aside as provided in Section 7 of the Adult Probation Act, makes it no less a final conviction as any other conviction subject to appeal, habeas corpus, executive pardon or other collateral relief.

In view of the construction placed on 'final conviction' by the state courts in the Hays and Allen cases and in an attempt to harmonize if possible Article 6687(b), Section 24, and Article 42.12, in such a way as to give effect to each enactment, and avoid conflicts between them 55 Tex. Jur.2d 'Statutes' Section 186, it would appear that 'final conviction' as that term is used therein is a judgment of conviction from which the person convicted and probated under the terms of the Adult Probation Act has exhausted his right to appeal.

Section 8(b) of new article 42.13 provides in part as follows:

> ... The right of the probationer to appeal to the Court of Criminal Appeals for a review of the trial and conviction as provided by law shall be accorded the probationer at the time the defendant is placed on probation. ...

See Steffen v. State, 525 S.W.2d 162 (Tex. Crim. App. 1975); Burson v. State, 511 S.W.2d 948 (Tex. Crim. App. 1974); Fitzpatrick v. State, 458 S.W.2d 924 (Tex. Crim. App. 1970); and Pitts v. State, 442 S.W.2d 389 (Tex. Crim. App. 1969), concerning application of this same provision in section 8 of article 42.12

Since the new article 42.13 is clearly designed to parallel the provisions of article 42.12, and since section 4 of former article 42.13 has been repealed, we believe that Attorney General Opinion M-1057 (1972), and the cases on which it was based require us to answer your question in the same way: A "final conviction" as that term is used in section 24 of article 6687(b), V.T.C.S., is a judgment of conviction from which the defendant has exhausted his right to appeal including the conviction of a person whose sentence has been probated under the terms of sections 3 or 3a of the new Misdemeanor Adult Probation and Supervision Law.

In reference to the effect of a conviction becoming final and the automatic nature of section 24 of article 6687b, V.T.C.S., this office said in Attorney General Opinion H-1053 (1977):

> [I]f the in-state conviction becomes final, the suspension is automatic, whether a report of the conviction is sent to the Department of Public Safety or not, whether or not the judgment of conviction specifically provides for the suspension, and whether

or not the defendant actually surrenders his license to the court. No action by the court, the jury, or the Department of Public Safety is necessary to bring the suspension into effect. Marley v. State, 394 S.W.2d 516 (Tex. Crim. App. 1965); Standifer v. Texas Dept. of Public Safety, 463 S.W.2d 38 (Tex. Civ. App. — Houston [14th Dist.] 1971, no writ); Texas Dept. of Public Safety v. Preble, 398 S.W.2d 785 (Tex. Civ. App. — Houston 1966, no writ); Gaddy v. Texas Dept. of Public Safety, 380 S.W.2d 783 (Tex. Civ. App. — Eastland 1964, no writ); Hays v. Dept. of Public Safety, 301 S.W.2d 276 (Tex. Civ. App. — Eastland 1957, writ dism'd).

Even though probation imposed under sections 3 and 3a of article 42.13 requires suspension of the individual's driver's license, section 3d establishes a different procedure for probation. It provides in part:

> Section 3d. (a) When in its opinion the best interest of society and the defendant will be served, the court may, after receiving a plea of guilty or a plea of nolo contendere, hearing the evidence, and finding that it substantiates the defendant's guilt, defer further proceedings without entering an adjudication of guilt and place the defendant on probation on reasonable terms and conditions as the court may require and for a period as the court may subscribe not to exceed the maximum period of imprisonment prescribed for the offense for which defendant is charged. However, upon written motion of the defendant requesting final adjudication filed within 30 days after entering such plea and the deferment of adjudication, the court shall proceed to final adjudication as in all other cases.

> (b) On violation of a condition or probation imposed under Subsection (a) of this section, the defendant may be arrested and detained as provided in Section 8 of this article. The defendant is entitled to a hearing limited to a determination by the court of whether it proceeds with an adjudication of guilty on the original charge. No appeal may be taken from this determination. After an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of probation, and defendant's appeal continue as if the adjudication of guilt had not been deferred.

If a defendant in a misdemeanor case pleads guilty or nolo contendere and receives probation from the court under section 3d(a), there would be no "final conviction" within the meaning of that term as used in section 24(a) of article 6687b, V.T.C.S., and there would be no automatic suspension of the person's driver's license.

Section 3d of new article 42.13 is the same as that in section 3d of article 42.12 in all pertinent respects. In Crutchfield v. State, 560 S.W.2d 685 (Tex. Crim. App. 1978), defendant was placed on probation under section 3d(a) of article 42.12, which probation

was revoked for violation of probationary conditions. In this case the court noted the similarity of the language of section 3d(a) and (b) of article 42.12 to section 4.12(a) and (b) of article 4476-15, V.T.C.S., the Controlled Substances Act. The court quoted Richie v. State, 542 S.W.2d 422, 424 (Tex. Crim. App. 1976) which construed section 4.12(a) and (b) as follows:

> Reading Subsections (a) and (b) together, it is apparent that no judgment is to be entered at the time a conditional discharge is granted but one must be entered at the time the conditional discharge is revoked. In this regard the conditional discharge procedures under Sec. 4.12, supra, are no different than the misdemeanor probation procedures under Art. 42.13, Vernon's Ann.C.C.P.

See also George v. State, 557 S.W.2d 787 (Tex. Crim. App. 1977) (order granting conditional discharge under section 4.12 of article 4476-15, V.T.C.S., not a conviction). Since there is no conviction nor a judgment evidencing a conviction when a person is placed on probation under section 3d of new article 42.13, the effect of probation under this provision is the same as it was under the previous misdemeanor probation provision and there is no "final conviction" for purposes of section 24(a) of article 6687b, V.T.C.S.

## SUMMARY

A person convicted of misdemeanor DWI and whose sentence is probated under the terms of section 3 or section 3a of the Misdemeanor Adult Probation and Supervision Law, article 42.13, Code of Criminal Procedure, enacted by Senate Bill 844, Acts 1979, 66th Legislature, ch. 654, at 1514, is subject to having his operator's license automatically suspended under section 24, article 6687(b), V.T.C.S.

A person who receives probation under section 3d of article 42.13, Code of Criminal Procedure, which provides for conditional discharge on deferral of adjudication, is not subject to having his operator's license automatically suspended.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by William G Reid
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Jim Allison
Susan Garrison
William G Reid