## CLARK v. DYER FRUIT BOX MFG. CO.
### (No. 1961.)

(Court of Civil Appeals of Texas. El Paso. Dec. 30, 1926.)

1. **Evidence ⬅⟶383(3)—Judgment of justice of peace in another state cannot be proven solely by certified copy authenticated by justice.**

Judgment rendered by justice of the peace in another state cannot be proven, in action based thereon, solely by certified copy, authenticated by such justice.

2. **Judgment ⬅⟶938—Plaintiff, suing on judgment rendered by justice of peace of another state, must plead and prove statutes showing his jurisdiction.**

In action on judgment rendered by justice of the peace of another state, it was incumbent on plaintiff to plead and prove statutes of such state, showing jurisdiction by justice of peace over subject-matter.

Error from El Paso County Court at Law; J. M. Deaver, Judge.

Action by the Dyer Fruit Box Manufacturing Company against Dr. Eugene B. Clark. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

Loomis & Kirkland, of El Paso, for plaintiff in error.

Leo L. Heisel, of El Paso, for defendant in error.

HIGGINS, J. Defendant in error sued the plaintiff in error upon an alleged judgment for $500, rendered by a justice of the peace of Hamilton county, Tenn.

The only evidence offered to support the action was what purports to be a certified copy of the judgment. It was thus authenticated:

"I hereby certify that this is a true and correct copy of judgment on my docket. April 6, 1925. 　　　　 W. O. Watts, J. P."

"State of Tennessee, Hamilton County.

"I, W. A. Whittice, clerk of the county of Hamilton, state of Tennessee (and also clerk of the county court of said county, the same being a court of record of the aforesaid county, having by law a seal) do hereby certify that T. E. Thatch and W. O. Watts, whose name is subscribed to the attached judgment, was at the time of rendering judgment a justice of the peace of said county, duly commissioned and sworn and residing in said county; and I further certify that I am well acquainted with his handwriting and verily believe that the signature to the attached judgment is his genuine signature.

"In witness whereof, I have hereunto set my hand and affixed my official seal, this 6th day of April, 1925. 　　　W. A. Whittice, Clerk, 　　　　　"By J. D. Hixson."

The authenticity of the copy was not otherwise proven. Over the objection of the plaintiff in error, the copy was admitted in evidence, and judgment based solely thereon was rendered against him.

[1, 2] Under our decisions a judgment rendered by a justice of the peace in another state, in an action based thereon in this state, cannot be proven in the manner here attempted to be done. Furthermore, it was incumbent upon the defendant in error to plead and prove the statutes of Tennessee showing jurisdiction by the justice of the peace over the subject-matter, which was not done in the present case. Van Natta v. Van Natta (Tex. Civ. App.) 200 S. W. 907, in which writ of er-

---

⬅⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ror was refused; Grant v. Bledsoe, 20 Tex. 457; Beal v. Smith, 14 Tex. 305; Houze v. Houze, 16 Tex. 598; Rosenthal, etc., v. Lennox (Tex. Civ. App.) 50 S. W. 401.

Reversed and remanded.