Finding no reversible error in the record, the judgment of the trial court is in all things affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

On Appellant's Motion for Rehearing.

HAWKINS, Judge.

The appellant in his motion for rehearing contends that the trial court erred in failing to charge upon the defensive theory of purchase of the alleged stolen oats. No objection was made and no exception reserved to the charge because of a failure to embrace such instruction. We are not at liberty to strike down or nullify the provision of article 658, C. C. P., as amended by Acts 1931, c. 43, § 5 (Vernon's Ann. C. C. P. art. 658), requiring objections to the court's charge to be presented before the same is read to the jury. A charge covering the explanation given by the appellant as to his possession of the oats was given by the court.

Appellant also insists that the evidence is not sufficient to support the conviction. We have re-examined the facts. They are set forth in the original opinion in Hays v. State (Tex. Cr. App.) 84 S. W.(2d) 1008, No. 17622, a companion case. We see no good reason to change our views on that question. We deem the facts sufficient to connect the appellant with the alleged burglary and the theft of the oats and also to disprove the explanation given by him. See Oglesby v. State, 121 Tex. Cr. R. 52, 51 S.W.(2d) 587; Maples v. State (Tex. Cr. App.) 70 S.W.(2d) 198; Sowell v. State (Tex. Cr. App.) 70 S.W.(2d) 422; Branch's Ann. P. C., § 2346.

Believing that the case was properly disposed of on original submission, appellant's motion for rehearing is overruled.

## FOX VLIET DRUG CO. v. ARNOLD.

### No. 2781.

Court of Civil Appeals of Texas. Beaumont.
July 5, 1935.

Rehearing Denied July 17, 1935.

Crawford & Crawford, of Conroe, for appellant.

Pitts & Liles, of Conroe, for appellee.

COMBS, Justice.

Appellant filed suit against appellee in the justice court, precinct No. 7 of Montgomery county, Tex., to enforce a judgment for $100, plus attorney's fee, and interest, obtained by it against the appellee in the county court of Pottawatomie county, Okl., on July 29, 1931. From an adverse judgment appeal was taken to the county court.

On trial in the county court appellant sought to introduce a properly authenticated copy of the Oklahoma judgment upon which the suit was based, and same was excluded by the trial court on the objection of appellee that same was not proved up as a valid, subsisting, and final judgment of the county court of Pottawatomie county. No other proof of the

debt being offered, judgment was rendered denying recovery, and appellant has prosecuted this appeal.

■ Recovery was properly denied. For a judgment of a court of a sister state to be enforceable in the courts of this state, it must be a final, valid, and subsisting judgment. 26 Tex. Jur., § 573, p. 422; American Nat. Bank v. Garland (Tex. Com. App.) 235 S. W. 562; Walker v. Garland (Tex. Com. App.) 235 S. W. 1078. The Oklahoma judgment sought to be enforced in this case was rendered in county court, a court of limited jurisdiction. Presumption of its finality and regularity will not be indulged. The burden rested on appellant to establish that such judgment was a final valid and subsisting judgment, not reversed, vacated, or annulled in the state of its rendition. Appellant not having met this burden in any way, the trial court properly refused to enforce it.

Judgment affirmed.