DEPARTMENT OF PUBLIC SAFETY of the State of Texas, Appellant,

v.

George Earl SMITH, Appellee.

No. 6637.

Court of Civil Appeals of Texas.

Amarillo.

Nov. 19, 1956.

George E. Gilkerson and William J. Gillespie, Lubbock, for appellant.

Benkamine Kucera, Lubbock, for appellee.

NORTHCUTT, Justice.

On June 1, 1955, the Department of Public Safety of the State of Texas, appellant here, notified George Earl Smith, appellee here, that his driver's license to operate a motor vehicle on any public road, street, or highway had been cancelled for a period

of twelve months because of being convicted on April 12, 1955, in the state of Oklahoma of the second offense of operating a motor vehicle upon a public highway while under the influence of intoxicating liquor. The appellee appealed to the County Court of Law of Lubbock County, Texas, seeking to stay and suspend the order and ruling of the appellant and upon a hearing by the court judgment was entered setting aside and holding for naught the order of the appellant cancelling the appellee's driver's license and from this judgment, appellant perfected this appeal.

Appellant relies upon the judgment entered by the judge in the Municipal Court in the city of Enid, Oklahoma. The judgment stated that the court examined the verified complaint charging the defendant with the offense of driving while under the influence of intoxicating beverage and that although George Earl Smith was three times called in open court, he failed to appear. The complaint did not state what he was driving. The court then forfeited the $20 posted by George Earl Smith because of his failure to appear for trial. It being the contention of appellant that when the appellee failed to appear in the Municipal Court in Enid, Oklahoma, and his $20 bond was forfeited that was equivalent for a final conviction for driving a motor vehicle while under the influence of intoxicating liquors.

Outside of the pleadings there is no proof that appellee had the driver's license that was to be cancelled. There are no pleadings nor proof of the laws of Oklahoma, consequently, we are to presume that they are the same as Texas'. For the first conviction of driving a motor vehicle while under the influence of intoxicating liquors in this state it would be tried in the County Court or a court of equal jurisdiction and for the conviction for a second offense of operating a motor vehicle upon a public highway while under the influence of intoxicating liquor it should be tried in the District Court. We cannot consider a

judgment as a final judgment of a conviction that was entered by a court that did not have any jurisdiction. A Municipal Court in this state has no jurisdiction to try a case of a second offense and convict a person for driving a motor vehicle while under the influence of intoxicating liquor.

Judgment of the trial court is affirmed.