**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,**

**v.**

**Samuel Brockman HAMILTON, Appellee.**

**No. 3311.**

Court of Civil Appeals of Texas.

Eastland.

Aug. 2, 1957.

Rehearing Denied Sept. 6, 1957.

Noah Kennedy, County Atty., Ellis M. Brown, Asst. County Atty., Corpus Christi, for appellant.

Nye & Cohn, Corpus Christi, for appellee.

COLLINGS, Justice.

Samuel Brockman Hamilton brought suit in the County Court at Law No. 2 of Nueces County against the Texas Department of Public Safety under the provisions of Article 6687b, Section 31, Vernon's Ann.Civ.St. The suit was in the nature of an appeal from an order of the Texas Department of Public Safety, which automatically suspended plaintiff's Texas operator's license. The court found that the Department of Public Safety did not have the authority to automatically suspend plaintiff's operator's license and rendered judgment setting aside such order. The Texas Department of Public Safety brought this appeal. The former opinion in this case is withdrawn and the judgment dated May 31, 1957, is set aside. This opinion is here rendered affirming the judgment on the same and additional grounds.

The case was tried upon an agreed statement of facts substantially as follows: On April 19, 1956, appellee, Samuel Brockman Hamilton, who held a valid Texas operator's license, was convicted in the City Court of Houma, Louisiana, of the offense of operating a motor vehicle in the State of Louisiana while intoxicated. The Texas Department of Public Safety received notice of appellee's conviction in the

Louisiana Court and by order dated June 1, 1956, suspended appellee's license for a period of six months. The order of suspension purported to be under the provisions of Article 6687b and was issued automatically without a hearing and without notice to appellee.

Appellant particularly urges that its action in suspending appellee's license was authorized under Section 28 of the statute which provides as follows:

"The Department is authorized to suspend or revoke the license of any resident of this State upon receiving notice of the conviction of such person in another State of an offense therein which, if committed in this State, would be grounds for suspension or revocation of the license of an operator, commercial operator, or chauffeur."

We are of the opinion that the trial court did not err in setting aside and holding for naught the order of the Texas Department of Public Safety automatically suspending appellee's license. The controlling questions involve the power of the Texas Department of Public Safety to order the suspension of a Texas operator's license without notice and hearing and the jurisdiction of the City Court of Houma, Louisiana, to enter a valid judgment of conviction for the offense of driving a motor vehicle while intoxicated.

Appellant contends that it has the power and authority under Section 28, supra, upon notification that the holder of a Texas operator's license has been convicted of an offense in a sister state which, if committed in Texas would result in automatic suspension, to automatically suspend such operator's license without notice or hearing. This contention is not well taken. As a general rule one cannot be deprived of a license or permit without due process, or notice. 70 C.J.S. Physicians and Surgeons § 18, p. 888. A Texas statute which required the Board of Dental

Examiners to revoke the license of a dentist upon proof of his conviction of a felony offense involving moral turpitude without notice and hearing was held unconstitutional. Francisco v. Board of Dental Examiners, Tex.Civ.App., 149 S.W.2d 619 (Writ Ref.).

■■ Section 28, supra, does not expressly provide for notice but there is a presumption in the absence of explicit language to the contrary that the legislature intended a valid and constitutional statute, and, therefore, intended that due notice should be given. Industrial Accident Board v. O'Dowd, Tex., 303 S.W.2d 763. Appellant concedes that no notice was given to Hamilton. Since an administrative agency has no power to cancel or suspend a license without notice the trial court properly set aside the board's order suspending his license. 1 Tex.Jur. (Ten Yr. Supp.) 110.

■ For still another reason the order of suspension was not well founded. There can be no question but that Section 28, supra, contemplates a valid judgment of conviction in another state as a prerequisite to the authority of the department to suspend the license of a resident of this state. A valid judgment of a sister state is entitled to recognition, but a void judgment will not be recognized or enforced.

■ When a court renders judgment without jurisdiction of the subject matter involved the judgment is void and not entitled to recognition in another state. 26 Tex.Jur. 424; Lancaster & Wallace v. Sexton, Tex.Civ.App., 245 S.W. 958 (Writ Ref.); Commonwealth of Massachusetts v. Davis, 140 Tex. 398, 168 S.W.2d 216.

■ In the absence of proof to the contrary a duly authenticated judgment which appears on its face to be a record of a court of *general* jurisdiction in another state is presumed to be within that court's jurisdiction. 26 Tex.Jur. 444; Liddell v. Blevins, Tex.Civ.App., 244 S.W.2d 335 (Writ Ref.). No such presumption exists in favor of the judgment of a court of limited jurisdiction. Hare v. Reily, Tex.Civ.App., 269 S.W. 473, affirmed Tex. Com.App., 280 S.W. 543. Consequently the jurisdiction of County courts, Justice of the Peace courts and City courts of other states must generally be shown by the statutes of such other states before they are entitled to full faith and credit. Fox Vliet Drug Co. v. Arnold, Tex.Civ.App., 84 S.W. 2d 1012; Clark v. Dyer Fruit Box Mfg. Co., Tex.Civ.App., 290 S.W. 559; Mooney v. Unemployment Compensation Comm., 336 Mich. 344, 58 N.W.2d 94.

■■ There was neither pleading nor proof of the laws of Louisiana. We must, therefore, presume that they are the same as the laws of Texas. Ryan v. City Nat. Bank & Trust Co. of Oklahoma City, Okl., Tex.Civ.App., 186 S.W.2d 747. Under Texas laws a municipal or corporation court has no jurisdiction over the offense of driving a motor vehicle while intoxicated. Therefore, under this record, the City Court of Houma, Louisiana, had no jurisdiction over the offense of driving a motor vehicle while intoxicated. Its judgment convicting appellee of such offense was a nullity and it is not entitled to recognition in this state. The County court properly held that the Department of Public Safety had no right under this record to cancel appellee's operator's license. Department of Public Safety v. Smith, Tex.Civ.App., 296 S.W.2d 557.

The judgment of the trial court is affirmed.