**Paul Gerald CRAFT, Appellant,**

v.

**TEXAS DEPARTMENT OF PUBLIC SAFETY et al., Appellees.**

No. 6704.

Court of Civil Appeals of Texas.

Amarillo.

Oct. 21, 1957.

Rehearing Denied Nov. 18, 1957.

**740**

W. Hugh Harrell, Lubbock, for appellant.

Geo. E. Gilkerson and J. Collier Adams, Lubbock, for appellees.

CHAPMAN, Justice.

Appellant, upon receipt of an Order of Automatic Suspension of his Commercial Operator's License from the Texas Department of Public Safety filed his petition in the 72nd Judicial District Court of Lubbock County seeking a temporary and permanent injunction against the Texas Department of Public Safety, its servants, officers, employees, agents and/or representatives, namely, Homer Garrison Jr., Director; A. F. Temple, Chief, Driver's License Division; F. G. Ferguson, Supervisor, Driver Improvement Section and Captain Sanford B. Lee, Driver's License Division of Lubbock, Texas, restraining and enjoining them from further proceeding under Vernon's Ann.Civ.St. Article 6687b to suspend the plaintiff's Commercial Operator's License.

The notice of suspension recited in part as follows:

"Confirming The Automatic Suspension Of License Or Non-Resident Driving Privilege Of

Paul Gerald Craft
Box 1491          Opr's. Lic. 787032-nsi
Lubbock, Texas

"Abstract Of Court Records show that you were convicted on September 28, 1956 in the State of New Mexico of the second offense of operating a motor vehicle upon a public highway while you were under the influence of intoxicating liquor.

"Therefore, under the provisions of Article 6687b, R.C.S., Acts of the 47th Legislature, Regular Session, your license and/or privilege to oerate a motor vehicle upon any public road or highway and any and all Operator's Commercial Operator's and Chauffeur's License issued to you by this State, or any other State or Commonwealth, were automatically suspended for a period of twelve months from the above mentioned date of conviction."

In his petition to the court below appellant made application for temporary and permanent injunction and appellees answered by a plea to the jurisdiction. Appellant also prayed in the alternative that if this court should affirm the trial court's order sustaining the plea to the jurisdiction that we permit him to remove the cause to the County Court at Law, Lubbock County, Texas. The court below set the case down for a hearing and in due time, by agreement of the parties, it was tried on the pleadings for temporary injunction and the plea to the jurisdiction.

With the record as stated before it the court below held that the District Court did not have jurisdiction of the facts alleged in appellant's petition and dismissed the case. From this order of dismissal appellant perfected his appeal to this court.

Findings of Fact and Conclusions of Law were requested by appellant. In such findings and conclusions the court below held that by virtue of Article 6687b the District Court did not have jurisdiction of the cause of action alleged by appellant. Said article is titled, "Drivers', chauffeurs', and commercial operators' licenses; accident reports." Section 31 thereof is titled, "Right of appeal to courts," and provides as follows:

"Any person denied a license or whose license has been cancelled or revoked by the Department except where such cancellation or revocation is automatic under the provisions of this Act shall have the right to file a pe-

tition within thirty (30) days thereafter for a hearing in the matter in the County Court at Law in the county wherein such person shall reside, or if there be no County Court at Law therein, then in the county court of said county, and such court is hereby vested with jurisdiction, and it shall be its duty to set the matter for hearing upon ten (10) days written notice to the Department, and thereupon to take testimony and examine into the facts of the case, and to determine whether the petitioner is entitled to a license or is subject to suspension, cancellation or revocation of license under the provisions of this Act."

As we understand appellant's contention it is to the effect that Article 6687b relative to automatic suspension provided no appeal and therefore he is entitled to injunctive relief in the District Court.

We agree with appellant that one cannot be deprived of a license or permit, such as the one under consideration, without due process, and that notice without a hearing, as was done in this case did not constitute due process. Texas Department of Public Safety v. Hamilton, 304 S.W.2d 719.

In the case just cited and also in a case from our own court decided November 19, 1956, Department of Public Safety v. Smith, Tex.Civ.App., 296 S.W.2d 557, where the same administrative body notified drivers that their licenses to drive because of convictions in other states had been cancelled the aggrieved parties appealed to the County Court at Law of their respective counties from such acts on the part of the Department of Public Safety. We believe these cases furnish authority for appellant to have appealed the attempted suspension of his license by the Department of Public Safety to the County Court at Law of Lubbock County.

Article 5, Section 8 of the Vernon's Ann.St. Constitution of Texas provides what shall constitute original jurisdiction for our District Courts. As applicable to this case, under the state of the record before us, the only possibility for jurisdiction would have been under an application for injunction, an equitable proceeding. Such action would not lie when appellant had an adequate remedy at law. It is said in 30 C.J.S. Equity § 20, page 338, that * * * "equity will not take jurisdiction where there is an adequate remedy at law, unless special jurisdiction has been conferred by statute." See also Burford v. Sun Oil Co., Tex.Civ.App., 186 S.W.2d 306, syl. 10. Special jurisdiction has been conferred by statute for appeals from acts of the Department of Public Safety of the State of Texas in cancelling, suspending or revoking drivers' licenses by Section 31, Article 6687b supra, but such jurisdiction was specifically conferred on the County Courts at Law, if such there are in the county of the person proceeded against, and if not then in the County Courts.

Accordingly, it is our view of the case that the District Court below was correct in holding it did not have jurisdiction and in dismissing the case. It requires no citation of authority for us to say that as a general rule the jurisdiction of the trial court over the subject matter must affirmatively appear from the record before us before we have jurisdiction in the Court of Civil Appeals. This case is no exception to that general rule.

We know of no authority by which we could grant appellant's request to transfer the case to the County Court at Law of Lubbock County. Accordingly, the judgment of the court below in holding it did not have jurisdiction is affirmed and the appeal is dismissed.

On Motion for Rehearing

PER CURIAM.

Appellant, in his motion for rehearing urgently requests that this court grant him the right to refile in the County Court at

Law of Lubbock County his appeal from the action of the Department of Public Safety in attempting to declare an automatic suspension of his Commercial Operator's License. He cites as authority for his contention Article 5539a, V.T.C.S. and Buford v. Sun Oil Company, Tex.Civ.App., 186 S.W.2d 306.

We are in complete sympathy with appellant's right to "have his day in court" and we regret that he did not originally file his appeal in the County Court at Law of Lubbock County from the action of the Department of Public Safety. Under the authority of the two Department of Public Safety cases cited in our original opinion, he could have done so. Additionally, we are certain that his failure to do so was not in intentional disregard of jurisdiction but because of an honest mistake of his counsel made before the announcement of the case of Department of Public Safety v. Hamilton, supra, interpreting Sec. 31 Art. 6687b.

If this court had authority to transfer this case to the County Court at Law of Lubbock County we would not hesitate to do so, but when we do not have jurisdiction, as in this case, the only authority we have is to dismiss.

If appellant files his appeal in the County Court at Law of Lubbock County within sixty days from the time our judgment of dismissal for want of jurisdiction becomes final, it will be the prerogative of the County Court at Law to pass on the question as to whether, under the authority of Article 5539a and Buford v. Sun Oil Company, supra, he is entitled to file appeal at that time from the action of the Department of Public Safety for the reason that his failure to file in that court originally was not in intentional disregard of jurisdiction. We are not passing on that question here.

Appellant's motion for rehearing is overruled and as stated in our original opinion, the judgment of the court below in holding it did not have jurisdiction is affirmed and the appeal is dismissed.