Reynaldo MIRELES, Appellant,

v.

TEXAS LIQUOR CONTROL BOARD, Appellee.

No. 3708.

Court of Civil Appeals of Texas.

Eastland.

April 20, 1962.

Bonilla, Thomas & DeAses, Corpus Christi, for appellant.

Will Wilson, Atty. Gen., Austin, Norman V. Suarez & Irwin R. Salmanson, Asst. Attys. Gen., Austin, for appellee.

GRISSOM, Chief Justice.

(1) On April 5, 1961, Reynaldo Mireles' license to sell beer on the premises at retail was cancelled by the Texas Liquor Control Board. (2) On May 3, 1961, Mireles filed an appeal from the Board's order cancelling his license in the 28th District Court of Nueces County. (3) On July 25, 1961, judgment was rendered by that court upholding said cancellation. That judgment became final and forever determined that Mireles' license had been lawfully cancelled.

Within less than 12 months after cancellation of his license, Mireles filed with the Board an application for renewal of his license. On June 30, 1961, the Board refused said application for renewal of his license because his license had been cancelled on April 5th, 1961. On July 24, 1961, Mireles appealed to the 117th District Court of Nueces County from the order of the Board refusing to renew his license. On the same day the Judge of the 117th District Court ordered the Board "to renew" Mireles' license pending a final hearing. The Board complied with that order. On September 5, 1961, the 117th District Court, in the appeal from the order refusing to renew Mireles' license, sustained the Board's plea in abatement and to the jurisdiction, dissolved the license issued because of its order and dismissed the case. Mireles has appealed.

The kind of license in question may be issued only for one year. The Texas Liquor Control Act prohibits renewal of an applicant's license within twelve months after the date his license has been cancelled. Therefore, at the time Mireles filed an application for renewal of his license, and the Board refused to renew it, the Board could not have lawfully renewed his license.

The Board contends that, since Mireles' license was cancelled on April 5, 1961, he appealed to the 28th District Court from the order cancelling his license and the judgment sustaining cancellation became final, the Board could not have renewed his license before April 5, 1962. We agree with this contention. Art. 667–22, Vernon's Ann. P.C. It follows that Mireles did not have the cause of action asserted in the 117th District Court, that is, the right to compel the Board to renew his license within 12 months after its cancellation. That is the right he asserted before the Board, the 117th District Court and that he necessarily asserts here. Renewal of his license by the Board before April 5, 1962, was prohibited by P.C. Art. 667–22.

Appellant says the question before the 117th District Court had become moot before judgment was rendered there because prior to its rendition his cancelled license had expired by its own terms. In Texas Liquor Control Board v. Floyd, Tex.Civ. App., 117 S.W.2d 530, 537, it was held that, by virtue of P.C. Article 667–22, when a license has been cancelled renewal thereof within one year is prohibited and, further, that the issue as to the Board's right to cancel did not become moot because prior to rendition of judgment the license expired by its own terms. We hold that the question before the 117th District Court did not become moot. Texas Liquor Control Board v. Blacher, Tex.Civ.App., 115 S.W.2d 1030, 1031.

Appellant's license was cancelled by the Board on April 5, 1961. Cancellation was upheld by the 28th District Court. Mireles did not appeal from that judgment and it became final. It finally adjudicated and determined that his license was lawfully cancelled. Therefore, by virtue of P.C. Article 667–22 said Board could not have lawfully renewed appellant's license within one year from the date of such cancellation, that is, before April 5th, 1962. We conclude that appellant's asserted cause of action did not exist and that the court did not err in dismissing his case.

The judgment is affirmed.