**TEXAS ALCOHOLIC BEVERAGE COMMISSION, Appellant,**

v.

**Billy Jack CARTER d/b/a the Establishment Club, Appellee.**

**No. 17252.**

Court of Civil Appeals of Texas, Fort Worth.

Oct. 22, 1971.

Rehearing Denied March 10, 1972.

Crawford C. Martin, Atty. Gen., and Larry J. Craddock, Asst., Atty. Gen., Austin, for appellant.

Coleman, Whitten & Philips and Michael J. Whitten, Denton, for appellee.

## OPINION

BREWSTER, Justice.

This case involved proceedings that arose under Article 666–15e, Vernon's Annotated Texas Penal Code.

On March 1, 1971, the Administrator of the Texas Alcoholic Beverage Commission signed an order bearing its Docket Number 108213 which order cancelled the Private Club Registration Permit No. 56281 that it had previously issued to The Establishment Club on September 1, 1970.

Thereafter, on March 8, 1971, one Billy Jack Carter filed a petition in the District Court which purported to be filed by him individually, d/b/a The Establishment Club. This petition recited that its purpose was to take a "de novo appeal" from the Commission's order cancelling the permit of The Establishment Club. No other instrument was filed in court by any other person or association seeking to perfect an appeal to the District Court from the Commission's cancellation order.

On April 16, 1971, this appeal came on for a hearing in a District Court of Denton County and the hearing resulted in that Court rendering judgment setting aside and judicially declaring null and void the Commission's order dated March 1, 1971, that cancelled the Private Club Registration Permit No. 56281 that had on September 1, 1970, been issued to The Establishment Club. This judgment, signed by the judge on May 5, 1971, further decreed that this Private Club Permit No. 56281 was declared to be in full force and effect as if the action of the Texas Alcoholic Beverage Commission cancelling the permit had never been initiated.

This appeal is taken to this Court by the Texas Alcoholic Beverage Commission from that District Court decree.

Although no one has raised the matter, our examination of the record in the case has convinced us that all matters in controversy herein became moot on August 31, 1971.

The very statute that provides for the issuance of Private Club Registration Permits (Penal Code—Art. 666–15e, Sec. 6) provides: "All Private Club Registration Permits shall expire on August 31st of each year . . . ."

So by virtue of this statute the Private Club Permit which was reinstated pursuant to the District Court Decree here being appealed from actually expired on August 31, 1971. At the time the permit expired this case became moot.

Any judgment that this Court might render on the merits of the appeal would only be in the nature of an advisory opinion because the record in no way reflects that this opinion would at this time deal with any presently existing legal rights of the parties.

A case exactly in point holding an appeal such as this to be moot is State v. Pool Side Club, 360 S.W.2d 923 (Houston Tex.Civ.App., 1962, no writ hist.). Other cases that strongly support our holding are: Texas Liquor Control Board v. Warfield, 123 S.W.2d 979 (Waco Tex.Civ.App., 1939, no writ hist.); Isbell v. Rednick, 193 S.W.2d 736 (Waco Tex.Civ.App., 1946, no writ hist.); State Board of Ins. Com'rs of Texas v. Fulton, 229 S.W.2d 652 (Waco Civ.App., 1950, writ ref. in 149 Tex. 347, 234 S.W.2d 389); Bostick v. Garrison, 302 S.W.2d 945 (Galveston Tex.Civ.App., 1957, no writ hist.); and Johnson v. State Board of Morticians, 288 S.W.2d 214 (Galveston Tex.Civ.App., 1956, no writ hist.). See also 4 Tex.Jur.2d, Appeal and Error, Secs. 702, and 703, pp. 205–209.

■ Where a case has become moot while being appealed under circumstances such as those that exist in this case, the proper procedure for the appellate court to then take is to vacate the proceedings out of which the controversy arose, reverse the judgment of the trial court and dismiss the asserted cause of action. See Isbell v. Rednick, supra, and the cases therein cited and 4 Tex.Jur.2d, Appeal and Error, Sec. 703.

■ Where the case has become moot while on appeal, the costs of court incurred in both the trial and appellate court by each party should be taxed against the party that incurred such costs. Isbell v. Rednick, supra; Texas Liquor Control Board v. Warfield, supra; Walker v. Hopping, 226 S.W. 146 (Amarillo Tex.Civ.App., 1920, no writ hist.); and McAffee v. Staerker, 116 S.W.2d 789 (Texarkana Tex.Civ.App., 1938, no writ hist.).

We therefore vacate and set aside the entire proceedings out of which this controversy arose, and hereby reverse the judgment of the trial court, and hereby dismiss the entire proceedings and case that is here involved.

The costs of court that were incurred by each party to this suit in both the trial and appellate courts are hereby taxed against the party that incurred such costs.

## OPINION ON MOTION FOR REHEARING

Both parties have filed motions for rehearing contending that we erred in holding that this case had become moot.

As authority for its contention appellant has referred us to the following cases: Mireles v. Texas Liquor Control Board, 357 S.W.2d 593 (Eastland Tex.Civ App., 1962, no writ hist.); Texas Liquor Control Board v. Metcalfe, 256 S.W.2d 117 (Dallas Tex.Civ.App., 1953, no writ hist.); Texas Liquor Control Board v. Floyd, 117 S.W.2d 530 (Fort Worth Tex.Civ.App., 1938, no writ hist.); and Texas Liquor Control Board v. Blacher, 115 S.W.2d 1030 (El Paso Tex.Civ.App., 1938, no writ hist.).

The first two of those cases involved the cancellation of Beer Permits. Vernon's Ann.P.C., Art. 667–22 provides, in substance, that it shall be unlawful for a holder of a cancelled beer permit to sell beer in Texas during the year immediately following the date of the cancellation of such permit. The Floyd case, supra, involved the cancellation of a wine and beer permit. Article 666–15(17) provides for the issuance of such permits and in instances where that type of license is cancelled the holder cannot get another such permit until after the lapse of one (1) year following the date of cancellation of such license. See Art. 666–15(17) and Art. 667–22. The Blacher case, supra, involved a medicinal permit that is provided for by Art. 666–15(19). That statute also provided that if such a license was cancelled that its holder could not get another one during the two

(2) year period that immediately followed the date of its cancellation.

In each of those four cases at the time the appeal came on for consideration the period following the date of the cancellation during which the holder of the cancelled license could not by law get another one had not yet expired. It was therefore true in each of those cases that action on the appeal could have an effect on a future license application.

We have also been referred to the case of Isbell v. Brown, 196 S.W.2d 691 (San Antonio Tex.Civ.App., 1946, writ ref.), where a real estate dealer's license was involved. The applicable law provided that a license cancellation could have an effect for one year thereafter on an application for a renewal. That year had not passed when the appeal came on for consideration, so the case was not moot, for the action of the appellate court could have had an effect upon a subsequent application for a license.

The appellee has referred us to House of Tobacco, Inc. v. Calvert, 394 S.W.2d 654 (Tex.Sup., 1965), wherein a cigarette distributor's permit had been cancelled. The applicable law provided in substance that no new permit shall be issued within a period of one year to anyone whose permit has been forfeited. That year had not elapsed at the time the appeal was presented to the Supreme Court and for that reason the case was not yet moot.

We are convinced that none of the cases just referred to in any way affect the decision of this case.

We believe the law to be that if the period for which the license was issued had itself expired and if the appellate court's action on the appeal would not have a bearing on any future license application, then the case is moot. This is the substance of the rule as stated in Texas Liquor Control Board v. Metcalfe, supra, 256 S.W.2d at page 119.

We have not been cited nor have we found a provision in the Texas Liquor Control Act to the effect that no Private Club Registration Permit such as is involved in this case may be issued or renewed within a prescribed period of time following the date of its cancellation to any applicant who has had a prior permit of that type cancelled or suspended. We have made a diligent search and have found no such provision in the applicable law. The existence of such a law applicable to the particular type of permit that was involved in each case is the very basis of the holdings in each of the above cited cases to which we have been referred.

The license involved in this case expired on August 31, 1971, by the terms of Art. 666–15e, Sec. 6. The particular acts for the occurrence of which the license in question was cancelled are alleged to have occurred on December 16, 1970. The order of the Texas Alcoholic Beverage Commission cancelling the license in question was dated March 1, 1971.

Since the time period covered by the cancelled license has expired, and since there is apparently no provision in the law that causes a decision of the appeal in this case to have a bearing on any future application that the appellee might make for a license under this act, we are convinced that this case is now moot. Regardless of which way this court might hold on the appeal no one's rights would be affected in any way.

Boston v. Garrison, 152 Tex. 253, 256 S.W.2d 67 (1953) is additional authority for our holding.

The motions for rehearing filed herein by both parties are overruled.