**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,**

**v.**

**Ernest James BRADLEY, Appellee.**

**No. 877.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Dec. 5, 1973.

Joe Resweber, William W. Bivin, Houston, for appellant.

Jacko Hargrove, J. W. Lowes, III, Black, Hebinck, Hargrove & Clark, Houston, for appellee.

CURTISS BROWN, Justice.

This case originated in the trial court as an appeal from an order suspending a Texas driver's license.

On March 27, 1972, a Louisiana district court convicted the appellee, Ernest James Bradley, of driving while intoxicated. The Louisiana court ordered "The accused to keep driver's license." On July 19, 1972, appellee was informed by letter of an order of the appellant Texas Department of Public Safety (the Department) suspending his driver's license and/or privilege to operate a motor vehicle in Texas for twelve months from March 27, 1972. Appellee brought an appeal from this order pursuant to Vernon's Tex.Rev.Civ.Stat. Ann. art. 6687b, sec. 31 (1969) in the County Court at Law No. 1 of Harris County. The court issued a temporary stay order on August 30, 1972, to stay operation and execution of the suspension or-

der. The Department moved that the court dismiss the appeal for lack of jurisdiction. The court overruled the motion and, after a hearing, entered judgment that the Department's suspension order be vacated and set aside because appellee had not been given prior notice and an opportunity for a hearing. The Department brings this appeal on the sole ground that the court lacked jurisdiction over the appeal.

The statutory scheme in Tex.Rev.Civ. Stat.Ann. art. 6687b (1969) provides two methods whereby a driver's license can be suspended. Section 22(b) gives the Department the authority to suspend a license upon determining, after a proper hearing, that a licensee has engaged in certain specified improper *conduct*. Section 24(a) provides that a license is automatically suspended upon final *conviction* of certain specified offenses, including driving while intoxicated. Section 31 grants an appeal from suspension under section 22(b) but expressly denies an appeal from an automatic suspension under section 24(a). Offenses committed in other states were covered, until 1971, by section 28 which provided:

"The Department is authorized to suspend or revoke the license of any resident of this State upon receiving notice of the conviction of such person in another State of an offense therein which, if committed in this State, would be grounds for suspension or revocation of the license of an operator, commercial operator, or chauffeur."

In 1971, section 28 was amended as follows:

"(a) The Department is authorized to suspend or revoke the license of any resident of this State or the privilege of a nonresident to drive a motor vehicle in this State upon receiving notice of the conviction of such person in another state of an offense therein which, if committed in this State, would be grounds for

the suspension or revocation of the license of a driver.

(b) The Department may give such effect to conduct of a resident in another state as is provided by the laws of this State had such conduct occurred in this State." Tex.Rev.Civ.Stat.Ann. art. 6687 (b), sec. 28 (Supp.1972).

The pre-1971 version of section 28 was construed in Texas Department of Public Safety v. Hamilton, 304 S.W.2d 719 (Tex. Civ.App.—Eastland 1957), writ ref'd n.r.e., 306 S.W.2d 712 (Tex.Sup.1957). In that case Hamilton was convicted in the City Court of Houma, Louisiana, for the offense of driving while intoxicated. The Department issued an automatic suspension order based on that conviction, and Hamilton appealed to the County Court at Law which set aside the order. The Court of Civil Appeals affirmed, basing its decision on two grounds. First, the Court held that section 28 implied a requirement of notice and hearing, because otherwise it would be unconstitutional. Second, the Court held that the validity of the Louisiana conviction had not been properly proved. The Supreme Court, however, based its refusal of the writ of error on the first ground of the Court's holding.

Appellant contends that the 1971 amendment to section 28 requires that the construction given in Texas Department of Public Safety v. Hamilton, *supra*, be changed. We do not agree. A look at the language of the two versions, quoted above, reveals that the legislature made only two changes in Section 28. Subsection (a) is virtually identical to the former section 28, adding only the authority to suspend Texas driving privileges of non-residents. This change has no effect on the present case. Subsection (b) adds the authority to suspend a license for certain conduct committed in another state. Nevertheless, conduct *in Texas* can only be grounds for suspension after a proper hearing; therefore, subsection (b) would

also require a hearing. We hold that the construction given section 28 in Texas Department of Public Safety v. Hamilton, *supra*, also controls section 28 as amended. Therefore, the Department's order was made under authority of section 22(b) and was appealable under section 31. The County Court correctly ruled that it had jurisdiction and that the Department's order was unauthorized because it failed to give appellee notice and an opportunity for a hearing.

Affirmed.