**700**

**Arthur G. HURLEY, Appellant,**

v.

**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellee.**

**No. 4662.**

Court of Civil Appeals of Texas,
Eastland.

Jan. 11, 1974.

Attaway & Attaway, James A. Attaway, Jr., Mesquite, for appellant.

Henry Wade, Dist. Atty., George S. McKearin III, Asst. Dist. Atty., Dallas, for appellee.

McCLOUD, Chief Justice.

Appealed from the County Court at Law No. 4 of Dallas County.

On August 24, 1972, the Texas Department of Public Safety entered an administrative order automatically suspending the commercial operator's license of Arthur Gene Hurley, for a period of (12) months. The order stated that Hurley's license was suspended because "Abstract of Court Records" showed that Hurley had been convicted on March 30, 1972, in the State of Louisiana for the offense of operating a motor vehicle upon a public highway while under the influence of intoxicating liquor. On September 7, 1972, Hurley filed the instant suit appealing the administrative order. Hurley denied that he had been convicted as stated in the suspension order, and further alleged that such "automatic suspension" violated his constitutional right to due process of law. The Department filed a motion, which the trial court granted, requesting that Hurley's petition be dismissed for lack of jurisdiction. The court concluded that Hurley had no right to appeal the automatic suspension. Hurley has appealed. We reverse and remand.

The Department contends that Hurley had no right of appeal under Section 31, Article 6687b, Vernon's Ann.Civ.Stat., from the administrative order because under Section 28 of Article 6687b, the alleged Louisiana conviction had the same effect as a Texas judgment of conviction, and an automatic suspension would result from an in-state conviction under Section 24 of Article 6687b.

Section 31 provides in part:

"Any person denied a license or whose license has been cancelled or revoked by

the Department except where such cancellation or revocation is automatic under the provisions of this Act shall have the right to file a petition within thirty (30) days thereafter for a hearing in the matter in the County Court at Law in the county wherein such person shall reside."

■ The rule appears to be well established that a final in-state conviction for driving while intoxicated results in an automatic driver's license suspension under Section 24, Article 6687b, Hays v. Department of Public Safety, 301 S.W.2d 276 (Tex.Civ.App.—Eastland 1957, writ dism'd); Gaddy v. Texas Department of Public Safety, 380 S.W.2d 783 (Tex.Civ. App.—Eastland 1964, no writ hist.); Texas Department of Public Safety v. Preble, 398 S.W.2d 785 (Tex.Civ.App.—Houston 1966, no writ hist.). Also, it has been said that an automatic suspension under Section 24 of Article 6687b is not appealable under Section 31. Standifer v. Texas Department of Public Safety, 463 S.W.2d 38 (Tex.Civ.App.—Houston (14th Dist.) 1971, no writ hist.).

Article 6687b, Section 24(a)2 provides:

"The license of any person shall be automatically suspended upon final conviction of . . . Driving a motor vehicle while under the influence of intoxicating liquor or narcotic drugs;"

Section 28 of Article 6687b, authorizes the Department to suspend the license of a resident of this State based upon conduct in another state. Section 28 provides:

"(a) The Department is authorized to suspend or revoke the license of any resident of this State or the privilege of a nonresident to drive a motor vehicle in this State upon receiving notice of the conviction of such person in another state of an offense therein which, if committed in this State, would be grounds for the suspension or revocation of the license of a driver.

"(b) The Department may give such effect to conduct of a resident in another state as is provided by the laws of this State had such conduct occurred in this State."

Subsection (b) was added by the Texas Legislature in 1971.

Prior to the addition of Subsection (b) our courts recognized the right to appeal from an administrative order of the Texas Department of Public Safety suspending a resident's driver's license based on an out-of-state conviction for driving while intoxicated. Texas Department of Public Safety v. Hamilton, 157 Tex. 616, 306 S.W.2d 712 (1957); Craft v. Texas Department of Public Safety, 306 S.W.2d 739 (Tex.Civ. App.—Amarillo 1957, no writ); Texas Department of Public Safety v. Hamilton, 304 S.W.2d 719 (Tex.Civ.App.—Eastland 1957, writ ref'd. n. r. e.); Texas Department of Public Safety v. Smith, 296 S.W.2d 557 (Tex.Civ.App.—Amarillo 1956, no writ).

The Court in Texas Department of Public Safety v. Hamilton, supra, said:

"Article 6687b, Vernon's Texas Annotated Statutes, properly construed, does not authorize suspension of operators' or chauffeurs' licenses without notice and hearing except as provided in Section 24 thereof."

The Department argues that Hurley is not entitled to appeal the automatic suspension because under Subsection (b) of Section 28, the Louisiana judgment should have the same effect as a Texas judgment. We disagree. Section 24 specifically provides for an automatic suspension. Section 28 does not so provide.

■ We hold that Hurley was entitled to a hearing as provided for in Section 31, Article 6687b.

The judgment of the trial court is reversed and the cause is remanded for trial.