**Catherine Latham SMITH et al.,
Appellants,**

**v.**

**Wilson E. SPEIR, Director, Texas Department of Public Safety, Appellee.**

**No. 17474.**

Court of Civil Appeals of Texas,
Fort Worth.

Jan. 18, 1974.

Law Office of Don Gladden, and Don Gladden and Arthur J. Brender, Jr., Fort Worth, for appellants.

John L. Hill, Atty. Gen. of Tex., and E. Bruce Curry, Asst. Atty. Gen., Austin, for appellee.

OPINION

MASSEY, Chief Justice.

In 1973 on February 16, April 4, and April 9, Lynn Douglas Brandon, Catherine Latham Smith, and Charles Luther Davis (dates in same order as persons) were notified by the Texas Department of Public Safety that their respective Texas driver's licenses were suspended for a period of twelve months by virtue of an "abstract of court records" of or from states other than Texas showing "conviction" of each on the

respective dates of January 24, 1973 (Brandon), January 10, 1973 (Smith), and December 19, 1972 (Davis). In each instance demand was made of the named persons that their driver's licenses be surrendered to the Texas Department of Public Safety.

Such orders of suspension were made by the Department in its interpretation of Vernon's Ann.Tex.Civ.St. Title 116, "Roads, Bridges, and Ferries", Ch. One, "State Highways", Art. 6687b, "Driver's, chauffeur's, and commercial operator's licenses; accident reports", under its sub-Article II, "Issuance of Licenses, Expiration, and Renewal", Sec. 28, "Suspending resident's license upon conviction in another State", reading as follows:

"The Department is authorized to suspend or revoke the license of any resident of this State upon receiving notice of the conviction of such person in another State of an offense therein which, if committed in this State, would be grounds for suspension or revocation of the license of an operator, commercial operator, or chauffer."

From the orders of suspension each of the several persons named, hereinafter termed Operators, appealed by filing suit in the County Court at Law, Tarrant County, Texas, where they resided. Each obtained abatement of his suspension order pending hearing therein. Their cases were consolidated for trial and judgment. By allegations Operators represented that the Department, having held no hearings relative to suspensions had denied them the right of "due process" under the Fourteenth Amendment to the Constitution of the United States. Further allegation was that the court orders of the foriegn states, referred to in the Department's letters of suspension were "void and of no force and effect and may not be considered for the purpose of suspending or revoking petitioner's license in that such conviction was had and such order entered without the defendant being present and at a time when she (they) was not represented by counsel and at a time when she (they) had not waived the right to counsel."

The Department and its Director answered, and on the theory that Operators' complaints as filed in the County Court at Law was without standing by law, and that such court was without jurisdiction to entertain the complaints, prayed that their causes of action be dismissed. Admittedly, at the time of the Department's suspension orders the Operators had not been afforded notice and an opportunity for a hearing pursuant to which identical orders of suspension might or might not have been properly issued had hearing been held.

The record is subject to construction that on trial in the County Court at Law the Department did attempt at times to discharge a burden to establish that there actually had been proper "convictions" of the Operators of the offense of Driving While Intoxicated in the respective foreign states. Such evidence fell short of proof. Undisputed was the fact that no hearing had been afforded before the Department's suspension orders where issued. Anyway, our conclusion is that the judgment amounted to one which dismissed Operators' complaints on the theory of the court's want of jurisdiction.

The Operators have appealed.

Reversed; suspension orders vacated.

December 5, 1973 the Court of Civil Appeals at Houston, Texas, 14th District, handed down an opinion in the case of Texas Department of Public Safety v. Bradley, 503 S.W.2d 413. We find ourselves in accord with, and unable to improve upon, the recitations of the opinion, as follows, to-wit:

"The statutory scheme in Tex.Rev.Civ. Stat.Ann. art. 6687b (1969) provides two methods whereby a driver's license can be suspended. Section 22(b) gives the Department the authority to suspend a license upon determining, after a proper hearing, that a licensee has engaged in certain spec-

ified improper conduct. Section 24(a) provides that a license is automatically suspended upon final conviction of certain specified offenses, including driving while intoxicated. Section 31 grants an appeal from suspension under section 22(b) but expressly denies an appeal from an automatic suspension under section 24(a). Offenses committed in other states were covered, until 1971, by section 28 which provided:

" 'The Department is authorized to suspend or revoke the license of any resident of this State upon receiving notice of the conviction of such person in another State of an offense therein which, if committed in this State, would be grounds for suspension or revocation of the license of an operator, commercial operator, or chauffeur.'

"In 1971, section 28 was amended as follows:

" '(a) The Department is authorized to suspend or revoke the license of any resident of this State or the privilege of a nonresident to drive a motor vehicle in this State upon receiving notice of the conviction of such person in another state of an offense therein which, if committed in this State, would be grounds for the suspension or revocation of the license of a driver.

(b) The Department may give such effect to conduct of a resident in another state as is provided by the laws of this State had such conduct occurred in this State.' Tex.Rev.Civ.Stat.Ann. art. 6687 (b), sec. 28 (Supp.1972).

"The pre-1971 version of section 28 was construed in Texas Department of Public Safety v. Hamilton, 304 S.W.2d 719 (Tex. Civ.App.—Eastland 1957), writ ref'd n. r. e., [157 Tex. 616] 306 S.W.2d 712 (1957). In that case Hamilton was convicted in the City Court of Houma, Louisiana, for the offense of driving while intoxicated. The Department issued an automatic suspension order based on that conviction, and Hamil-

ton appealed to the County Court at Law which set aside the order. The Court of Civil Appeals affirmed, basing its decision on two grounds. First, the Court held that section 28 implied a requirement of notice and hearing, because otherwise it would be unconstitutional. Second, the Court held that the validity of the Louisiana conviction had not been properly proved. The Supreme Court, however, based its refusal of the writ of error on the first ground of the Court's holding.

■ "Appellant contends that the 1971 amendment to section 28 requires that the construction given in Texas Department of Pubic Safety v. Hamilton, supra, be changed. We do not agree. A look at the language of the two versions, quoted above, reveals that the legislature made only two changes in Section 28. Subsection (a) is virtually identical to the former Section 28, adding only the authority to suspend Texas driving privileges of nonresidents. This change has no effect on the present case. Subsection (b) adds the authority to suspend a license for certain conduct committed in another state. Nevertheless, conduct in Texas can only be grounds for suspension after a proper hearing; therefore, subsection (b) would also require a hearing. We hold that the construction given section 28 in Texas Department of Public Safety v. Hamilton, supra, also controls section 28 as amended. Therefore, the Department's order was made under authority of section 22(b) and was appealable under section 31. . . . "

Jurisdiction of Operators' suits obtained in the trial court. Had that court held in accord and that the Department's orders of suspension were unauthorized because they failed to give Operators notice and opportunity for hearing before the orders were issued its judgment would have been one which we would affirm.

■ The question arises: Should we, in the place and stead of the trial court, render judgment to that effect? In view

of the Department's obvious agreement that it had not given the Operators the requisite notice and opportunity for hearing before issuance of the orders of suspension it would be to merely delay the time for any proper procedure by the Department should we remand the cause to the trial court, and in any event the only proper judgment would be to reverse the trial court and to render judgment that the Department's suspension orders be vacated and set aside for want of due process of law supporting their issuance.

Accordingly, judgment is reversed and judgment is here rendered that the Department's orders heretofore entered suspending the drivers' licenses of Catherine Latham Smith, Lynn Douglas Brandon and Charles Luther Davis are vacated and set aside.