

# THE ATTORNEY GENERAL

# OF TEXAS

AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

Sept. 14, 1977

Honorable Wilson E. Speir
Texas Department of Public Safety
5805 N. Lamar Boulevard
Box 4087
Austin, Texas 78773

Opinion No. H-1053

Re: Automatic suspension
of driver's license.

Dear Col. Speir:

You have asked about the constitutionality of the "auto-matic" suspension of drivers' licenses required by section 24 of article 6687b, V.T.C.S.

That section of the statute provides, inter alia, that "[t]he license of any person shall be automatically suspended upon final conviction" of driving a motor vehicle while under the influence of intoxicating liquor or narcotic drugs. Whenever any person is convicted of such an offense, the court in which such conviction is had must require the surrender to it of all licenses held by the person convicted; the court clerk is there-upon to forward them to the Department of Public Safety together with a record of the conviction. If the convicting court orders it, the Department will then issue a "restricted" license to the offender if he is not imprisoned, Attorney General Opinion H-794 (1976), but the original license remains suspended. V.T.C.S. art. 6687b, § 25.

The Department of Public Safety has taken the position that once the conviction becomes final, the suspension of the license is automatic and no further action need be taken by the court or by the Department to make the suspension effective. It has been recently suggested, however, that the "automatic" feature of the statute denies due process of law to license-holding offenders by failing to accord them a hearing on the matter and by failing to accord them notification of the sus-pension. You ask:

> Does an in-state final conviction of driving
> while intoxicated make "automatic" the sus-
> pension of the individual's drivers license?

An Equal Opportunity Employer

We answer in the affirmative.  See Dixon v. Love, 52 L.Ed.2d 172 (1977).

In 1951 the Supreme Court of Texas refused writ of error in the case of Tatum v. Texas Department of Public Safety, 241 S.W.2d 167 (Tex. Civ. App. -- Austin 1951, writ ref'd).  The opinion of the Austin Court of Civil Appeals in that case rejected "due process" attacks upon the automatic suspension provisions of sections 24 and 25 of article 6687b, V.T.C.S., saying, "appellant was afforded an opportunity to be heard on the charges against him and from which the suspension of his driver's license stemmed."  241 S.W.2d at 171.  See Taylor v. State, 209 S.W.2d 191 (Tex. Crim. App. 1948).  The suspension of a license following such an in-state criminal trial is an automatic incident of the failure of the license holder to prevail at the trial of the criminal charges lodged against him.

If he finally fails, i.e., if the in-state conviction becomes final, the suspension is automatic, whether a report of the conviction is sent to the Department of Public Safety or not, whether or not the judgment of conviction specifically provides for the suspension, and whether or not the defendant actually surrenders his license to the court.  No action by the court, the jury, or the Department of Public Safety is necessary to bring the suspension into effect.  Marley v. State, 394 S.W.2d 516 (Tex. Crim. App. 1965); Standifer v. Texas Dept. of Public Safety, 463 S.W.2d 38 (Tex. Civ. App. -- Houston [14th Dist.] 1971, no writ);  Texas Dept. of Public Safety v. Preble, 398 S.W.2d 785 (Tex. Civ. App. -- Houston 1966, no writ); Gaddy v. Texas Dept. of Public Safety, 380 S.W.2d 783 (Tex. Civ. App. -- Eastland 1964, no writ); Hays v. Dept. of Public Safety, 301 S.W.2d 276 (Tex. Civ. App. -- Eastland 1957, writ dism'd). Note, however, that section 24 of article 6687b, V.T.C.S., is not applicable to out-of-state convictions.  Hurley v. Texas Dept. of Public Safety, 505 S.W.2d 700 (Tex. Civ. App. -- Eastland 1974, no writ); Smith v. Speir, 504 S.W.2d 936 (Tex. Civ. App. -- Ft. Worth 1974, no writ).

## S U M M A R Y

An in-state final conviction of driving while intoxicated automatically suspends the convict's driving license without the necessity of further official action.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jst