**BIG D BAMBOO, INC., et al.,**
**Appellants,**

v.

**The STATE of Texas, Appellee.**

**No. 8135.**

Court of Civil Appeals of Texas, Beaumont.

June 22, 1978.

Randall Buck Wood, Austin, for appellants.

Gilbert J. Bernal, Jr., Austin, for appellee.

CLAYTON, Justice.

Appellee, the State of Texas, acting by and through its Alcoholic Beverage Commission (hereinafter referred to as TABC), filed suit against Big D Bamboo. Inc., and National Surety Corporation, appellants, for the recovery of $13,132.36 in gross receipts liquor taxes due under *Tex. Penal Code Aux. Laws art. 666–20d*[1]. Specifically, appellant National Surety Corporation was sued for forfeiture of its bonds made payable to appellee and executed in behalf of appellant Big D Bamboo, Inc., as a permittee. Because of appellant's failure to answer appellee's suit under *Tex. R. Civ. P. 185*, as required by *Tex. Penal Code Aux. Laws art. 666–12a(5)*, appellee filed a motion for summary judgment. This motion was granted by the trial court for full recovery of appellee's claim. Appellants have perfected their appeal from this summary judgment.

In 1975 TABC audited the business of Big D Bamboo, Inc., a holder of a mixed beverage permit from the State, to determine any liability for gross receipts liquor taxes. Appellant requested a hearing, and such hearing was held on August 18, 1975. The hearing, according to the hearing transcript, was conducted, "In re hearing on complaint for cancellation or suspension of mixed beverage permit No. MB 78837 . . .." The hearing was recessed so that appellant could file an affidavit with the hearing examiner to explain his pricing and his practice regarding complimentary drinks. During this recess, appellant voluntarily permitted his permit to expire. As a result of this voluntary expiration of appellant's permit, the examiner refused to reconvene the hearing and did not enter an order in connection with such hearing. An additional audit was then conducted by TABC and demand was made on appellants to pay the deficiency. Upon appellants' refusal and failure to pay, TABC certified the deficiency to the Office of the Attorney General which filed suit against appellants for the full amount of the taxes owed as certified by TABC. This certification was made on February 23, 1976, despite continued requests by appellants for a hearing on the tax liability. Suit for such taxes was filed February 9, 1977.

In their first point of error appellants contend the trial court erred by "failing to find that the denial by [the State] of [appellants'] rights to a full and complete administrative hearing violated constitutional due process." In their brief appellants rely upon and cite cases involving revocation of permits or licenses in which the courts have held that notice and hearing must be afforded before revocation. See, e.g., *Industrial Accident Board v. O'Dowd,* 157 Tex. 432, 303 S.W.2d 763, 767 (1957); *Craft v. Texas Department of Public Safety,* 306 S.W.2d 739, 741 (Tex.Civ.App.—Amarillo 1957, no writ); *Francisco v. Board of Dental Examiners,* 149 S.W.2d 619 (Tex.Civ. App.—Austin 1941, writ ref'd). The case before us does not involve the revocation of a permit or license. The sole issue here is the amount of taxes to be collected from appellants.

---

1. Effective September 1, 1977, the Texas Liquor Control Act was repealed by the Alcoholic Beverage Code.

■ TABC granted appellant Big D Bamboo, Inc., a hearing during which TABC's first audit was considered. Under *Tex. Penal Code Aux. Laws art. 666–12*, the only sanction the TABC could impose upon appellant after a decision favorable to TABC was to cancel or suspend appellant's permit. Thus, when appellant voluntarily allowed its permit to expire, a final decision by TABC became unnecessary and useless. The question of cancellation or suspension had become moot. See *Texas Alcoholic Beverage Commission v. Carlin*, 477 S.W.2d ·271 (Tex. 1972), and *Texas Alcoholic Beverage Commission v. Carter*, 476 S.W.2d 864 (Tex.Civ.App.—Fort Worth 1971, writ ref'd n.r.e.).

The sole question presented by appellants' point is whether they were entitled to an administrative hearing by TABC of their tax liability as a prerequisite to the suit filed by appellee.

■ The TABC is empowered by *art. 666–20d(h)* to examine the tax account of appellant and pursuant thereto determine the asserted tax liability or delinquency owed by appellants. Upon its certification of such amount owed, appellee filed this suit under the authority of *Tex. Tax.–Gen. Ann. art. 1.04* (1969). When this tax suit was filed in the district court, appellants could have urged and presented any defense thereto as allowed by law. The fact that they were not given a hearing before the TABC prior to the filing of the tax suit did not deprive appellants of any constitutional rights. Appellants were entitled to a full and complete hearing on their tax liability in the district court. The mere certification by TABC of the amount of taxes owed by appellants was not the irrefutable and absolute tax liability. Appellants had the legal right to contest the validity of such amount of taxes for which suit was filed. Following the TABC's certification of the amount of taxes asserted to be due, appellants had the legal right to pay such tax under protest and bring suit for a refund under *Tex. Tax.–Gen. Ann. art. 1.05* (1969), or they could wait and defend a suit filed by the State under *Tex. Tax.–Gen. Ann. art. 1.04* (1969), as was done in this case. In either event they still retained all

their rights in so far as defenses are concerned, and they were not deprived of any rights by the fact they were not given a hearing before the TABC with reference to the amount of taxes owed by them. In *Francisco v. Board of Dental Examiners,* supra at 622, quoting 12 Am. Jur. *Constitutional Law* § 612 (1938), states the applicable rule as follows:

"The rule that a hearing before judgment or order is not necessary to due process is especially applicable to proceedings before commissioners and boards . . . . There is no violation of due process if provision is made for a trial de novo before a court of the issues passed upon by such a commission, for a judicial review of the order . . . ."

In the case before us, appellants were sued by the State in what would have been equivalent to a trial de novo in district court, and appellants failed to properly answer the suit and the motion for summary judgment. The opportunity for a judicial hearing and determination in district court satisfies the requirements of due process. See *Phillips v. Commissioner of Internal Revenue*, 283 U.S. 589, 596–601, 51 S.Ct. 608, 75 L.Ed. 1289 (1931). This point is overruled.

In their second point of error, appellants contend that the Administrative Procedure and Texas Register Act, *Tex.Rev.Civ.Stat. Ann. art. 6252–13a*(Supp. 1978), requires that the TABC afford them a hearing after reasonable notice. There is no dispute that no other statute grants a right to a hearing in this case. The question is whether the Act itself gives appellant the right to a hearing before the TABC to contest the amount of the gross receipts taxes the commission determines is owed.

Neither party has cited any Texas cases, and our independent research has not discovered any such cases wherein this question has been decided. We do not construe the provisions of the Administrative Procedure and Texas Register Act (hereinafter referred to as the Act) as requiring a hearing before the TABC in the matter of de-

termining the tax delinquency or deficiency of appellants.

Sec. 3 of the Act provides that:

"(1) 'Agency' means any state board, commission . . . having statewide jurisdiction . . . that makes rules or *determines* contested cases.

"(2) 'Contested case' means a proceeding . . . in which the legal rights, duties, or privileges of a party are *to be determined* by an agency after an opportunity for *adjudicative* hearing." (Emphasis supplied)

■ To determine whether appellants are given the right to a hearing on the question of the amount of taxes due and payable as asserted or claimed by TABC, we must determine the applicability of *Sec. 3(1)* and *Sec. 3(2)* of the Act. TABC, in accordance with the provisions of *art. 666–20d(h)*, determined, asserted, or claimed a certain amount of tax was due and payable by appellants. This, in our opinion, does not constitute a contested case. For this proceeding, determination or assertion of a tax deficiency, to constitute a "contested case" within the definition of a contested case as given in *Sec. 3(2)* of the Act, it must be one in which the legal rights, duties, or privileges are to be *determined* by an agency after an opportunity for adjudicative hearing. The word "adjudicate" is defined in *Black's Law Dictionary 63* (4th rev.ed. 1968) as "[t]o settle in the exercise of judicial authority. To determine finally. Synonymous with *adjudge* in its strictest sense. *United States v. Irwin,* 127 U.S. 125, 8 S.Ct. 1033, 32 L.Ed. 99, and *Street v. Benner,* 20 Fla. 700." Accordingly, it appears to us that the hearing required by the Act must be one in which the agency conducting such hearing will, by a final and determinative order, decide the legal rights, duties, or privileges of the appellants, and in the absence of an appeal therefrom will be a final and binding decree with respect to any such legal rights, duties, or privileges.

■ In the case before us the amount of the tax deficiency of liability asserted by TABC was not a final determinative or binding order or decree with reference to such deficiency or liability. Appellants are not required to appeal any such finding of the TABC. After the certification by TABC to the Attorney General, appellants had the right to proceed under the provisions of *Tex. Tax.–Gen. Ann. art. 1.05* (1969) or could refuse to take any action until suit was filed against them under *Tex. Tax.–Gen. Ann. art. 1.04* (1969).

If appellants had been given a hearing under the provisions of the Act, they could not have appealed an order of the TABC in this case under the appellate procedures provided by the Act. If they had not proceeded under *art. 1.04* they would not have invoked the jurisdiction of the district court. See *Robinson v. Bullock,* 553 S.W.2d 196 (Tex.Civ.App.—Austin 1977, writ ref'd n.r.e.).

If an order on the tax deficiency of appellants had been entered by TABC such an order would not have been a final adjudication of appellants' legal rights, duties, or privileges. The only final adjudication of the legal rights, in so far as their tax liability is concerned, could be made only by the district court, after its jurisdiction had been invoked either through proceedings brought under *Tex. Tax.–Gen. Ann. art. 1.04* or *art. 1.05* (1969).

We therefore hold that a hearing to determine the tax deficiency or delinquency of appellants was not required by the provisions of the Administrative Procedure and Texas Register Act, *Tex. Rev. Civ. Stat. Ann. art. 6252–13a* (Supp. 1978).

In view of the foregoing appellants' third point is without merit and is overruled.

The trial court properly granted appellee's motion for summary judgment, and the judgment is affirmed.

AFFIRMED.

DIES, Chief Justice, dissenting.

With respect, I dissent. In my view, the determination of taxes owed is a "contested case" within the definition of *Sec. 3(2)* of the Act (quoted in the majority opinion).

The Texas Administration Procedure and Texas Register Act [*Tex. Rev. Civ. Stat.*

*Ann. art. 6252–13a* (Supp. 1978)] was largely based on the Model State Administrative Procedure Act.[1]

The Texas Act differs from the Model Act in several important provisions. Under the Model Act a contested case means, "A proceeding, including but not restricted to rate making [price fixing], and licensing, in which the legal rights, duties, or privileges of a party are *required by law* to be determined by an agency after an opportunity for hearing." (Emphasis supplied) See *Tex. L. Rev.* article cited in footnote 1.

The Texas Act omits the phrase "required by law" before the words "to be determined." In making this change, the Legislature's "intent was to expand 'contested cases' beyond those situations in which agencies were required by statute to determine legal rights, duties, or privileges, and to include all instances in which agencies in fact determine legal right, duties, or privileges of parties even though no hearing was required by statute." McCalla, "The Administrative Procedure and Texas Register Act," *28 Baylor L. Rev. 445, 448* (1976). See also, *Tex. L. Rev.* article cited, supra, at 287–288.

There is a very good reason for this legislative change, in this writer's judgment. It will give the aggrieved taxpayer in our case the opportunity to present his position without first incurring the expense that flows inevitably from a court contest.

**1.** Hamilton and Jewett, "The Administrative Procedure and Texas Register Act: Contested Cases and Judicial Review," *54 Tex. L. Rev. 285* (1976).